APPEAL

# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:25−cv−00244−JL−AJ</u>

Barbara et al v. Trump et al

Assigned to: Judge Joseph N. Laplante

Referred to: US Magistrate Judge Andrea K Johnstone

Cause: 28:2201 Declaratory Judgment

**Plaintiff**

Date Filed: 06/27/2025

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: U.S. Government Defendant

| | | |
|---|---|---|
| **Barbara** | represented by | **Cody Wofsy** |

**Barbara**                    represented by    **Cody Wofsy**
American Civil Liberties Union Foundation
Immigrant Rights Project
425 California St, Ste 700
San Francisco, CA 94104
415−343−0785
Email: cwofsy@aclu.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gilles R. Bissonnette**
American Civil Liberties Union of New
Hampshire
18 Low Ave
Concord, NH 03301
603 224−5591
Email: Gilles@aclu−nh.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriana Lafaille**
American Civil Liberties Union of
Massachusetts
One Center Plz, Ste 850
Boston, MA 02108
617−482−3170
Email: alafaille@aclum.org
*ATTORNEY TO BE NOTICED*

**Ayomide Odunsi**
NAACP Legal Defense & Educational
Fund, Inc.
700 14th St NW, Ste 600
Washington, DC 20005
202−682−1300
Email: modunsi@naacpldf.org
*ATTORNEY TO BE NOTICED*

**Carol Garvan**

American Civil Liberties Union Foundation
PO Box 7860
Portland, ME 04112
207−619−8687
Email: cgarvan@aclumaine.org
*ATTORNEY TO BE NOTICED*

**Chelsea Eddy**
American Civil Liberties Union of New
Hampshire
18 Low Ave
Concord, NH 03301
603−227−6681
Email: chelsea@aclu−nh.org
*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Caldwell**
NAACP Legal Defense Fund
40 Rector St
New York, NY 10006
212−965−2200
Email: bcaldwell@naacpldf.org
*ATTORNEY TO BE NOTICED*

**Grace Choi**
American Civil Liberties Union Foundation
125 Broad St, 18th Flr
New York, NY 10004
770−880−5592
Email: gchoi@aclu.org
*ATTORNEY TO BE NOTICED*

**Hannah Schoen Steinberg**
American Civil Liberties Union Foundation
Immigrant Rights Project
425 California St, Ste 700
San Francisco, CA 94104
212−549−2500
Email: hsteinberg@aclu.org
*ATTORNEY TO BE NOTICED*

**Kimberly Leung**
Asian Law Caucus
55 Columbus Ave
San Francisco, CA 94111
425−234−0748
Email: kimberlyl@asianlawcaucus.org
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
American Civil Liberties Union Foundation
125 Broad St, 18th Flr

New York, NY 10004
212−549−2616
Fax: 212−549−2654
Email: lgelernt@aclu.org
*ATTORNEY TO BE NOTICED*

**Morenike Fajana**
NAACP Legal Defense Fund
40 Rector St
New York, NY 10006
212−965−2200
Email: mfajana@naacpldf.org
*ATTORNEY TO BE NOTICED*

**Noor Zafar**
American Civil Liberties Union Foundation
125 Broad St, 18th Flr
New York, NY 10004
469−301−5991
Email: nzafar@aclu.org
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
State Democracy Defenders Action
600 Pennsylvania Ave SE
15180
Washington, DC 20003
202−594−9958
Email: Norman@statedemocracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
American Civil Liberties Union Foundation
125 Broad St, 18th Flr
New York, NY 10004
212−549−2620
Fax: 212−549−2654
Email: ojadwat@aclu.org
*ATTORNEY TO BE NOTICED*

**Spencer Elijah Wittmann Amdur**
American Civil Liberties Union Foundation
Immigrant Rights Project
425 California St, Ste 700
San Francisco, CA 94104
212−549−2500
Email: samdur@aclu.org
*ATTORNEY TO BE NOTICED*

**Stephen Kang**
American Civil Liberties Union Foundation

Immigrant Rights Project
425 California St, Ste 700
San Francisco, CA 94104
212−549−2500
Fax: 415−395−0950
Email: skang@aclu.org
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
State Democracy Defenders Action
600 Pennsylvania Ave SE
15180
Washington, DC 20003
202−662−8383
Email: taryn@statedemocracydefenders.org
*ATTORNEY TO BE NOTICED*

**Tianna Jade Mays**
State Democracy Defenders Action
600 Pennsylvania Ave SE
15180
Washington, DC 20003
202−662−8383
Email: Tianna@statedemocracydefenders.org
*ATTORNEY TO BE NOTICED*

**Winifred Kao**
Asian Law Caucus
55 Columbus Ave
San Francisco, CA 94111
415−896−1701
Fax: 415−896−1702
Email: winifredk@asianlawcaucus.org
*ATTORNEY TO BE NOTICED*

**Zachary L. Heiden**
American Civil Liberties Union Foundation
PO Box 7860
Portland, ME 04112
207−619−6224
Fax: 207−774−1103
Email: zheiden@aclumaine.org
*ATTORNEY TO BE NOTICED*

**SangYeob Kim**
American Civil Liberties Union of New
Hampshire
18 Low Ave
Concord, NH 03301
603 224−5591
Fax: 603 617 7264
Email: SangYeob@aclu−nh.org

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sarah**                                    represented by    **Gilles R. Bissonnette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriana Lafaille**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ayomide Odunsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carol Garvan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chelsea Eddy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Caldwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Schoen Steinberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Leung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Morenike Fajana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noor Zafar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Elijah Wittmann Amdur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tianna Jade Mays**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Winifred Kao**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary L. Heiden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SangYeob Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Susan**                    represented by    **Gilles R. Bissonnette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriana Lafaille**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ayomide Odunsi**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Carol Garvan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chelsea Eddy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Caldwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Schoen Steinberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Leung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Morenike Fajana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noor Zafar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Elijah Wittmann Amdur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tianna Jade Mays**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Winifred Kao**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary L. Heiden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SangYeob Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Plaintiff</u>**

**Matthew**                          represented by   **Gilles R. Bissonnette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriana Lafaille**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ayomide Odunsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carol Garvan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chelsea Eddy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody Wofsy**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Caldwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Schoen Steinberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Leung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Morenike Fajana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noor Zafar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Elijah Wittmann Amdur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tianna Jade Mays**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Winifred Kao**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary L. Heiden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SangYeob Kim**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Mark**                          represented by    **Gilles R. Bissonnette**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adriana Lafaille**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ayomide Odunsi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Carol Garvan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Chelsea Eddy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cody Wofsy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Grace Caldwell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Grace Choi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Schoen Steinberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kimberly Leung**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lee Gelernt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Morenike Fajana**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Noor Zafar**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omar C. Jadwat**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Spencer Elijah Wittmann Amdur**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Kang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tianna Jade Mays**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Winifred Kao**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Zachary L. Heiden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**SangYeob Kim**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Immigration Reform Law Institute**    represented by    **Jacob Rhodes**
Cleveland Waters & Bass PA
Two Capital Plaza
PO Box 1137
Concord, NH 03302−1137
603−224−7761
Email: rhodesj@cwbpa.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Taryn Wilgus Null**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Donald J. Trump**    represented by    **Brad P. Rosenberg**
*President of the United States, in his*    US Department of Justice
*official capacity*    Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202−514−3374
Email: brad.rosenberg@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
US Department of Justice
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202−598−3869
Email: yuri.s.fuchs@usdoj.gov
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
US Department of Justice (Civil, OAAG)
Civil Division, OAAG
950 Pennsylvania Ave, NW
RM 3127
Washington, DC 20530
202−514−3301
Email: eric.hamilton@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
DOJ−Civ
1100 L Street NW
Room 12310
Washington, DC 20005
202−305−3654
Email: kathleen.c.jacobs@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of Homeland Security**          represented by          **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of Homeland Security,
Secretary**
*in their official capacity*          represented by          **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of State**          represented by

**Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of State, Secretary**
*in their official capacity*

represented by **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Department of Agriculture**

represented by **Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**US Department of Agriculture,**
**Secretary**
*in their official capacity*

represented by

**Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Centers for Medicare and Medicaid**
**Services**

represented by

**Brad P. Rosenberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Centers for Medicare and Medicaid**
**Services, Administrator**

represented by

**Brad P. Rosenberg**
(See above for address)

*in their official capacity*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yuri Fuchs**
(See above for address)
*TERMINATED: 08/01/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric Hamilton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen Jacobs**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/27/2025 | 1 | NEW CASE/ COMPLAINT Filing fee $ 405, receipt number ANHDC−2650111 filed by Susan, Sarah, Barbara, Matthew, Mark. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summons − Waiver Summons − Admin of CMS, # 3 Summons − Waiver Summons − CMS, # 4 Summons − Waiver Summons − DHS, # 5 Summons − Waiver Summons − Sec DHS, # 6 Summons − Waiver Summons − Sec State, # 7 Summons − Waiver Summons − Sec USDA, # 8 Summons − Waiver Summons − State Dept, # 9 Summons − Waiver Summons − Trump, # 10 Summons − Waiver Summons − USDA)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 2 | NOTICE of Attorney Appearance by Gilles R. Bissonnette on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Gilles R. Bissonnette added to party Barbara(pty:pla), Attorney Gilles R. Bissonnette added to party Mark(pty:pla), Attorney Gilles R. Bissonnette added to party Matthew(pty:pla), Attorney Gilles R. Bissonnette added to party Sarah(pty:pla), Attorney Gilles R. Bissonnette added to party Susan(pty:pla).(Bissonnette, Gilles) (Entered: 06/27/2025) |
| 06/27/2025 | 3 | NOTICE of Attorney Appearance by Chelsea Eddy on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Chelsea Eddy added to party Barbara(pty:pla), Attorney Chelsea Eddy added to party Mark(pty:pla), Attorney Chelsea Eddy added to party Matthew(pty:pla), Attorney Chelsea Eddy added to party Sarah(pty:pla), Attorney Chelsea Eddy added to party Susan(pty:pla).(Eddy, Chelsea) (Entered: 06/27/2025) |
| 06/27/2025 | | Case assigned to Judge Joseph N. Laplante and Magistrate Judge Andrea K. Johnstone. The case designation is: 1:25−cv−244−JL−AJ. Please show this number with the judge designation on all future pleadings. (jmb) (Entered: 06/27/2025) |
| 06/27/2025 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (jmb) (Entered: 06/27/2025) |

| 06/27/2025 | 4 | Summonses issued electronically as to Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary. **NOTICE: Counsel shall print and serve the summonses <u>and</u> all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # <u>1</u> Notice ECF)(jmb) (Entered: 06/27/2025) |
|---|---|---|
| 06/27/2025 | 5 | MOTION to Certify Class and Appointment of Class Counsel filed by Barbara, Mark, Matthew, Sarah, Susan.Follow up on Objection on 7/11/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Memorandum of Law Memorandum of Law, # <u>2</u> Proposed Order Proposed Order, # <u>3</u> Exhibit (Affidavit) A_Affidavit of Attorney Wofsy, # <u>4</u> Exhibit (Affidavit) B_Affidavit of Attorney Bissonnette, # <u>5</u> Exhibit (Affidavit) C_Affidavit of Attorney Garvan, # <u>6</u> Exhibit (Affidavit) D_Affidavit of Attorney Lafaille, # <u>7</u> Exhibit (Affidavit) E_Affidavit of Attorney Fajana, # <u>8</u> Exhibit (Affidavit) F_Affidavit of Attorney Kao, # <u>9</u> Exhibit (Affidavit) G_Affidavit of Barbara, # <u>10</u> Exhibit (Affidavit) H_Affidavit of Susan, # <u>11</u> Exhibit (Affidavit) I_Affidavit of Mark, # <u>12</u> Exhibit (Affidavit) J_Affidavit of Attorney Tianna)(Kim, SangYeob) Modified on 7/7/2025 to add: "and appointment of class counsel" to docket text (ko). (Entered: 06/27/2025) |
| 06/27/2025 | 6 | MOTION for Preliminary Injunction filed by Barbara, Mark, Matthew, Sarah, Susan.Follow up on Objection on 7/11/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Proposed Order Proposed Order)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 7 | MOTION to Proceed Pseudonymously filed by Barbara, Mark, Matthew, Sarah, Susan.Follow up on Objection on 7/11/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # <u>1</u> Memorandum of Law Memorandum of Law, # <u>2</u> Proposed Order Proposed Order)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 8 | NOTICE of Attorney Appearance by Yuri Fuchs on behalf of Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary Attorney Yuri Fuchs added to party Centers for Medicare and Medicaid Services(pty:dft), Attorney Yuri Fuchs added to party Centers for Medicare and Medicaid Services, Administrator(pty:dft), Attorney Yuri Fuchs added to party Donald J. Trump(pty:dft), Attorney Yuri Fuchs added to party US Department of Agriculture(pty:dft), Attorney Yuri Fuchs added to party US Department of Agriculture, Secretary(pty:dft), Attorney Yuri Fuchs added to party US Department of Homeland Security(pty:dft), Attorney Yuri Fuchs added to party US Department of Homeland Security, Secretary(pty:dft), Attorney Yuri Fuchs added to party US Department of State(pty:dft), Attorney Yuri Fuchs added to party US Department of State, Secretary(pty:dft).(Fuchs, Yuri) (Entered: 06/27/2025) |
| 06/27/2025 | 9 | NOTICE of Attorney Appearance by Brad P. Rosenberg on behalf of Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of |

| | | |
|---|---|---|
| | | Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary Attorney Brad P. Rosenberg added to party Centers for Medicare and Medicaid Services(pty:dft), Attorney Brad P. Rosenberg added to party Centers for Medicare and Medicaid Services, Administrator(pty:dft), Attorney Brad P. Rosenberg added to party Donald J. Trump(pty:dft), Attorney Brad P. Rosenberg added to party US Department of Agriculture(pty:dft), Attorney Brad P. Rosenberg added to party US Department of Agriculture, Secretary(pty:dft), Attorney Brad P. Rosenberg added to party US Department of Homeland Security(pty:dft), Attorney Brad P. Rosenberg added to party US Department of Homeland Security, Secretary(pty:dft), Attorney Brad P. Rosenberg added to party US Department of State(pty:dft), Attorney Brad P. Rosenberg added to party US Department of State, Secretary(pty:dft).(Rosenberg, Brad) (Entered: 06/27/2025) |
| 06/27/2025 | | NOTICE of Video Conference. Conference set for 6/30/2025 at 03:30 PM before Judge Joseph N. Laplante.(ko) (Entered: 06/27/2025) |
| 06/27/2025 | 10 | Assented to MOTION for Cody Wofsy to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650373.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Wofsy)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 11 | Assented to MOTION for Grace Choi to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650375.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit Affidavit of Attorney Choi)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 12 | Assented to MOTION for Hannah Steinberg to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650376.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Steinberg)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 13 | Assented to MOTION for Lee Gelernt to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650377.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Gelernt)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 14 | Assented to MOTION for Noor Zafar to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650378.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Zafar)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 15 | Assented to MOTION for Omar Jadwat to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650379.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Jadwat)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 16 | Assented to MOTION for Spencer Amdur to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650380.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Amdur)(Kim, SangYeob) (Entered: 06/27/2025) |
| 06/27/2025 | 17 | Assented to MOTION for Stephen Kang to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650382.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Kang)(Kim, SangYeob |

| | | (Entered: 06/27/2025) |
|---|---|---|
| 06/27/2025 | 31 | SEALED Notice of Intention to Proceed by Pseudonym, L.R. 10.1(a) re: at Level II filed by Barbara, Mark, Matthew, Sarah, Susan.(ko) (Entered: 06/30/2025) |
| 06/27/2025 | 32 | MOTION to Seal Notice of Intention to Proceed by Pseudonym filed by Barbara, Mark, Matthew, Sarah, Susan. Served on 6/27/2025. Follow up on Objection on 7/11/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Notice of Conventional Filing, # 2 Cover Letter)(ko) (Entered: 06/30/2025) |
| 06/28/2025 | 18 | Assented to MOTION for Zachary Heiden to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650482.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Heiden)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 19 | Assented to MOTION for Adriana Lafaille to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650483.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Lafaille)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 20 | Assented to MOTION for Christopher M. Lapinig to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650484.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Lapinig)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 21 | Assented to MOTION for Winifred Kao to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650485.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Kao)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 22 | Assented to MOTION for Kimberly W. Leung to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650486.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Leung)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 23 | Assented to MOTION for Norm Eisen to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650487.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Eisen)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | 24 | Assented to MOTION for Tianna Mays to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650488.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Mays)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | | ENDORSED ORDER: *Subject to possible modification after discussion at Monday's conference, the Respondens shall file responses to the pending motions on or before 2:30 pm on July 2, 2025.* So Ordered by Judge Joseph N. Laplante. (Response deadline set for 7/2/2025) (ko) (Entered: 06/28/2025) |
| 06/28/2025 | | **ENDORSED ORDER granting re 10 Assented to Motion for Cody Wofsy to Appear Pro Hac Vice; granting re 11 Assented to Motion for Grace Choito Appear Pro Hac Vice; granting re 12 Assented to Motion for Hannah Steinberg to Appear Pro Hac Vice; granting re 13 Assented to Motion for Lee Gelernt to Appear Pro Hac Vice; granting re 14 Assented to Motion for Noor Zafar to** |

|  |  |  |
|---|---|---|
|  |  | **Appear Pro Hac Vice; granting re <u>15</u> Assented to Motion for Omar Jadwat to Appear Pro Hac Vice; granting re <u>16</u> Assented to Motion for Spencer Amdur to Appear Pro Hac Vice; granting re <u>17</u> Assented to Motion for Stephen Kang to Appear Pro Hac Vice; granting re <u>18</u> Assented to Motion for Zachary Heiden to Appear Pro Hac Vice; granting re <u>19</u> Assented to Motion for Adriana Lafaille to Appear Pro Hac Vice; granting re <u>20</u> Assented to Motion for Christopher M. Laping to Appear Pro Hac Vice; granting re <u>21</u> Assented to Motion for Winifred Kao to Appear Pro Hac Vice; granting re <u>22</u> Assented to Motion for Kimberly W. Leung to Appear Pro Hac Vice; granting re <u>23</u> Assented to Motion for Norm Eisen to Appear Pro Hac Vice; granting re <u>24</u> Assented to Motion for Tianna Mays to Appear Pro Hac Vice. *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* So Ordered by Judge Joseph N. Laplante.**<br><br>The clerk's office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e−filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(ko)<br><br>(Entered: 06/28/2025) |
| 06/28/2025 | <u>25</u> | Assented to MOTION for Morenike Fajana to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650499.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # <u>1</u> Exhibit (Affidavit) Affidavit of Attorney Morenike Fajana)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | <u>26</u> | Assented to MOTION for Ashley Burrell to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650500.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # <u>1</u> Exhibit (Affidavit) Affidavit of Attorney Ashley Burrell)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | <u>27</u> | Assented to MOTION for Elizabeth Caldwell to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650502.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # <u>1</u> Exhibit (Affidavit) Affidavit of Attorney Elizabeth Caldwell)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | <u>28</u> | Assented to MOTION for Morgan Humphrey to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650503.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # <u>1</u> Exhibit (Affidavit) Affidavit of Attorney Morgan Humphrey)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/28/2025 | <u>29</u> | Assented to MOTION for Mide Odunsi to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2650504.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # <u>1</u> Exhibit (Affidavit) Affidavit of Attorney Mide Odunsi)(Kim, SangYeob) (Entered: 06/28/2025) |
| 06/30/2025 | <u>30</u> | NOTICE of Attorney Appearance by Zachary L. Heiden on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Zachary L. Heiden added to party Barbara(pty:pla), Attorney Zachary L. Heiden added to party Mark(pty:pla), Attorney Zachary L. Heiden added to party Matthew(pty:pla), Attorney Zachary L. Heiden added to party Sarah(pty:pla), Attorney Zachary L. Heiden added to party Susan(pty:pla).(Heiden, Zachary) (Entered: 06/30/2025) |

| | | |
|---|---|---|
| 06/30/2025 | | **ENDORSED ORDER granting re <u>25</u> Assented to Motion for Morenike Fajana to Appear Pro Hac Vice; granting re <u>26</u> Assented to Motion for Ashley Burrell to Appear Pro Hac Vice; granting re <u>27</u> Assented to Motion for Elizabeth Caldwell to Appear Pro Hac Vice; granting re <u>28</u> Assented to Motion for Morgan Humphrey to Appear Pro Hac Vice; granting re <u>29</u> Assented to Motion for Mide Odunsi to Appear Pro Hac Vice.** *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* **So Ordered by Judge Joseph N. Laplante.**<br><br>The clerk's office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e−filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(ko)<br><br>(Entered: 06/30/2025) |
| 06/30/2025 | <u>33</u> | NOTICE of Attorney Appearance by Carol Garvan on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Carol Garvan added to party Barbara(pty:pla), Attorney Carol Garvan added to party Mark(pty:pla), Attorney Carol Garvan added to party Matthew(pty:pla), Attorney Carol Garvan added to party Sarah(pty:pla), Attorney Carol Garvan added to party Susan(pty:pla).(Garvan, Carol) (Entered: 06/30/2025) |
| 06/30/2025 | <u>34</u> | NOTICE of Attorney Appearance by Tianna Jade Mays on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Tianna Jade Mays added to party Barbara(pty:pla), Attorney Tianna Jade Mays added to party Mark(pty:pla), Attorney Tianna Jade Mays added to party Matthew(pty:pla), Attorney Tianna Jade Mays added to party Sarah(pty:pla), Attorney Tianna Jade Mays added to party Susan(pty:pla).(Mays, Tianna) (Entered: 06/30/2025) |
| 06/30/2025 | <u>35</u> | NOTICE of Attorney Appearance by Norman Larry Eisen on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Norman Larry Eisen added to party Barbara(pty:pla), Attorney Norman Larry Eisen added to party Mark(pty:pla), Attorney Norman Larry Eisen added to party Matthew(pty:pla), Attorney Norman Larry Eisen added to party Sarah(pty:pla), Attorney Norman Larry Eisen added to party Susan(pty:pla).(Eisen, Norman) (Entered: 06/30/2025) |
| 06/30/2025 | | Minute Entry for proceedings held before Judge Joseph N. Laplante. STATUS CONFERENCE held on 6/30/2025. Objections to pending motions due 7/3/2025, replies due 7/7/2025 by 2:00 PM, In person hearing to be held 7/10/2025. (Court Reporter: Liza Dubois) (Pltfs Atty: SangYeob Kim) (Defts Atty: Brad P. Rosenberg, Yuri Fuchs)(Total Hearing Time: 25 minutes) (ko) (Entered: 06/30/2025) |
| 06/30/2025 | | **ORAL ORDER granting re <u>7</u> Motion to Proceed Pseudonymously; granting re <u>32</u> Motion to Seal Notice of Intention to Proceed by Pseudonym.** *Order: Granted.* **So Ordered by Judge Joseph N. Laplante.** (ko) (Entered: 06/30/2025) |
| 06/30/2025 | | NOTICE re: <u>5</u> MOTION to Certify Class, <u>6</u> MOTION for Preliminary Injunction. Motion Hearing set for 7/10/2025 at 09:00 AM before Judge Joseph N. Laplante.(ko) (Entered: 06/30/2025) |
| 06/30/2025 | <u>36</u> | NOTICE of Attorney Appearance by Adriana Lafaille on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Adriana Lafaille added to party Barbara(pty:pla), Attorney Adriana Lafaille added to party Mark(pty:pla), Attorney Adriana Lafaille |

| | | |
|---|---|---|
| | | added to party Matthew(pty:pla), Attorney Adriana Lafaille added to party Sarah(pty:pla), Attorney Adriana Lafaille added to party Susan(pty:pla).(Lafaille, Adriana) (Entered: 06/30/2025) |
| 07/01/2025 | 37 | NOTICE of Attorney Appearance by Winifred Kao on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Winifred Kao added to party Barbara(pty:pla), Attorney Winifred Kao added to party Mark(pty:pla), Attorney Winifred Kao added to party Matthew(pty:pla), Attorney Winifred Kao added to party Sarah(pty:pla), Attorney Winifred Kao added to party Susan(pty:pla).(Kao, Winifred) (Entered: 07/01/2025) |
| 07/01/2025 | 38 | NOTICE of Attorney Appearance by Elizabeth Grace Caldwell on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Elizabeth Grace Caldwell added to party Barbara(pty:pla), Attorney Elizabeth Grace Caldwell added to party Mark(pty:pla), Attorney Elizabeth Grace Caldwell added to party Matthew(pty:pla), Attorney Elizabeth Grace Caldwell added to party Sarah(pty:pla), Attorney Elizabeth Grace Caldwell added to party Susan(pty:pla).(Caldwell, Elizabeth) (Entered: 07/01/2025) |
| 07/01/2025 | 39 | NOTICE of Attorney Appearance by Morenike Fajana on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Morenike Fajana added to party Barbara(pty:pla), Attorney Morenike Fajana added to party Mark(pty:pla), Attorney Morenike Fajana added to party Matthew(pty:pla), Attorney Morenike Fajana added to party Sarah(pty:pla), Attorney Morenike Fajana added to party Susan(pty:pla).(Fajana, Morenike) (Entered: 07/01/2025) |
| 07/01/2025 | 40 | NOTICE of Defendants' Implementation of Executive Order by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary.(Fuchs, Yuri) (Entered: 07/01/2025) |
| 07/01/2025 | 41 | NOTICE of Attorney Appearance by Kimberly Leung on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Kimberly Leung added to party Barbara(pty:pla), Attorney Kimberly Leung added to party Mark(pty:pla), Attorney Kimberly Leung added to party Matthew(pty:pla), Attorney Kimberly Leung added to party Sarah(pty:pla), Attorney Kimberly Leung added to party Susan(pty:pla).(Leung, Kimberly) (Entered: 07/01/2025) |
| 07/02/2025 | 42 | NOTICE of Attorney Appearance by Ayomide Odunsi on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Ayomide Odunsi added to party Barbara(pty:pla), Attorney Ayomide Odunsi added to party Mark(pty:pla), Attorney Ayomide Odunsi added to party Matthew(pty:pla), Attorney Ayomide Odunsi added to party Sarah(pty:pla), Attorney Ayomide Odunsi added to party Susan(pty:pla).(Odunsi, Ayomide) (Entered: 07/02/2025) |
| 07/02/2025 | 43 | TRANSCRIPT of Proceedings for Status Conference held on June 30, 2025. Court Reporter: Liza Dubois, Telephone # 603−225−1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90−day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. |

| | | NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.<br><br>Redaction Request Follow Up 7/23/2025. Redacted Transcript Follow Up 8/4/2025. Release of Transcript Restriction set for 9/30/2025.(jwb) (Entered: 07/02/2025) |
|---|---|---|
| 07/02/2025 | 44 | NOTICE of Attorney Appearance by Cody Wofsy on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Cody Wofsy added to party Barbara(pty:pla), Attorney Cody Wofsy added to party Mark(pty:pla), Attorney Cody Wofsy added to party Matthew(pty:pla), Attorney Cody Wofsy added to party Sarah(pty:pla), Attorney Cody Wofsy added to party Susan(pty:pla).(Wofsy, Cody) (Entered: 07/02/2025) |
| 07/02/2025 | 45 | NOTICE of Attorney Appearance by Lee Gelernt on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Lee Gelernt added to party Barbara(pty:pla), Attorney Lee Gelernt added to party Mark(pty:pla), Attorney Lee Gelernt added to party Matthew(pty:pla), Attorney Lee Gelernt added to party Sarah(pty:pla), Attorney Lee Gelernt added to party Susan(pty:pla).(Gelernt, Lee) (Entered: 07/02/2025) |
| 07/02/2025 | 46 | NOTICE of Attorney Appearance by Omar C. Jadwat on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Omar C. Jadwat added to party Barbara(pty:pla), Attorney Omar C. Jadwat added to party Mark(pty:pla), Attorney Omar C. Jadwat added to party Matthew(pty:pla), Attorney Omar C. Jadwat added to party Sarah(pty:pla), Attorney Omar C. Jadwat added to party Susan(pty:pla).(Jadwat, Omar) (Entered: 07/02/2025) |
| 07/02/2025 | 47 | NOTICE of Attorney Appearance by Grace Choi on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Grace Choi added to party Barbara(pty:pla), Attorney Grace Choi added to party Mark(pty:pla), Attorney Grace Choi added to party Matthew(pty:pla), Attorney Grace Choi added to party Sarah(pty:pla), Attorney Grace Choi added to party Susan(pty:pla).(Choi, Grace) (Entered: 07/02/2025) |
| 07/02/2025 | 48 | NOTICE of Attorney Appearance by Hannah Schoen Steinberg on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Hannah Schoen Steinberg added to party Barbara(pty:pla), Attorney Hannah Schoen Steinberg added to party Mark(pty:pla), Attorney Hannah Schoen Steinberg added to party Matthew(pty:pla), Attorney Hannah Schoen Steinberg added to party Sarah(pty:pla), Attorney Hannah Schoen Steinberg added to party Susan(pty:pla).(Steinberg, Hannah) (Entered: 07/02/2025) |
| 07/02/2025 | 49 | NOTICE of Attorney Appearance by Noor Zafar on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Noor Zafar added to party Barbara(pty:pla), Attorney Noor Zafar added to party Mark(pty:pla), Attorney Noor Zafar added to party Matthew(pty:pla), Attorney Noor Zafar added to party Sarah(pty:pla), Attorney Noor Zafar added to party Susan(pty:pla).(Zafar, Noor) (Entered: 07/02/2025) |
| 07/02/2025 | 50 | NOTICE of Attorney Appearance by Spencer Elijah Wittmann Amdur on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Spencer Elijah Wittmann Amdur added to party Barbara(pty:pla), Attorney Spencer Elijah Wittmann Amdur added to party Mark(pty:pla), Attorney Spencer Elijah Wittmann Amdur added to party Matthew(pty:pla), Attorney Spencer Elijah Wittmann Amdur added to party Sarah(pty:pla), Attorney Spencer Elijah Wittmann Amdur added to party Susan(pty:pla).(Amdur, Spencer) (Entered: 07/02/2025) |
| 07/02/2025 | 51 | NOTICE of Attorney Appearance by Stephen Kang on behalf of Barbara, Mark, Matthew, Sarah, Susan Attorney Stephen Kang added to party Barbara(pty:pla), |

| | | |
|---|---|---|
| | | Attorney Stephen Kang added to party Mark(pty:pla), Attorney Stephen Kang added to party Matthew(pty:pla), Attorney Stephen Kang added to party Sarah(pty:pla), Attorney Stephen Kang added to party Susan(pty:pla).(Kang, Stephen) (Entered: 07/02/2025) |
| 07/02/2025 | 52 | Assented to MOTION for Taryn Wilgus Null to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2652077.) filed by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit (Affidavit) Affidavit of Attorney Null)(Kim, SangYeob) (Entered: 07/02/2025) |
| 07/03/2025 | | **ENDORSED ORDER granting re 52 Assented to Motion for Taryn Wilgus Null to Appear Pro Hac Vice.** *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* **So Ordered by Judge Joseph N. Laplante.**<br><br>The clerk's office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e−filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(ko)<br><br>(Entered: 07/03/2025) |
| 07/03/2025 | 53 | STIPULATION re: Regarding Incorporation of Prior Briefing by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary(Fuchs, Yuri) (Entered: 07/03/2025) |
| 07/03/2025 | 54 | Assented to MOTION to File Amicus Brief filed by Immigration Reform Law Institute. Attorney Jacob Rhodes added to party Immigration Reform Law Institute(pty:pla). (Attachments: # 1 Memorandum of Law Amicus Brief of IRLI)(Rhodes, Jacob) (Entered: 07/03/2025) |
| 07/03/2025 | 55 | Notice of Amicus Curiae APPEARANCE entered by Jacob Rhodes on behalf of Immigration Reform Law Institute(Rhodes, Jacob) (Entered: 07/03/2025) |
| 07/03/2025 | 56 | OBJECTION to 6 MOTION for Preliminary Injunction , 5 MOTION to Certify Class filed by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary. Follow up on Reply on 7/10/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Fuchs, Yuri) (Entered: 07/03/2025) |
| 07/07/2025 | 57 | REPLY to Objection to Motion re 5 MOTION to Certify Class *and Appointment of Class Counsel* filed by Barbara, Mark, Matthew, Sarah, Susan. Surreply due by 7/14/2025. (Attachments: # 1 Exhibit A Supp Decl Barbara, # 2 Exhibit B Supp Decl Susan.pdf, # 3 Exhibit C Supp Decl Mark.pdf)(Wofsy, Cody) (Entered: 07/07/2025) |
| 07/07/2025 | 58 | NOTICE of Attorney Appearance by Taryn Wilgus Null on behalf of Barbara, Immigration Reform Law Institute, Mark, Matthew, Sarah, Susan Attorney Taryn Wilgus Null added to party Barbara(pty:pla), Attorney Taryn Wilgus Null added to |

| | | |
|---|---|---|
| | | party Immigration Reform Law Institute(pty:pla), Attorney Taryn Wilgus Null added to party Mark(pty:pla), Attorney Taryn Wilgus Null added to party Matthew(pty:pla), Attorney Taryn Wilgus Null added to party Sarah(pty:pla), Attorney Taryn Wilgus Null added to party Susan(pty:pla).(Null, Taryn) (Entered: 07/07/2025) |
| 07/09/2025 | 59 | NOTICE of Government's Position (Defendants' Opposition in the District of Massachusetts) by Barbara, Mark, Matthew, Sarah, Susan. (Attachments: # 1 Exhibit Defendants' Opposition in the District of Massachusetts)(Wofsy, Cody) (Entered: 07/09/2025) |
| 07/09/2025 | 60 | AFFIDAVIT of Service of Complaint, Summonses, and ECF Notice as to All Defendants filed by Susan, Sarah, Barbara, Matthew, Mark. Served/Mailed on 6/27/2025. Answer Follow Up on 7/18/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Mailing Receipt)(Kim, SangYeob) (Entered: 07/09/2025) |
| 07/09/2025 | 61 | NOTICE of Attorney Appearance by Kathleen Jacobs on behalf of Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary Attorney Kathleen Jacobs added to party Centers for Medicare and Medicaid Services(pty:dft), Attorney Kathleen Jacobs added to party Centers for Medicare and Medicaid Services, Administrator(pty:dft), Attorney Kathleen Jacobs added to party Donald J. Trump(pty:dft), Attorney Kathleen Jacobs added to party US Department of Agriculture(pty:dft), Attorney Kathleen Jacobs added to party US Department of Agriculture, Secretary(pty:dft), Attorney Kathleen Jacobs added to party US Department of Homeland Security(pty:dft), Attorney Kathleen Jacobs added to party US Department of Homeland Security, Secretary(pty:dft), Attorney Kathleen Jacobs added to party US Department of State(pty:dft), Attorney Kathleen Jacobs added to party US Department of State, Secretary(pty:dft).(Jacobs, Kathleen) (Entered: 07/09/2025) |
| 07/09/2025 | | **ENDORSED ORDER re 59 Notice of Government's Position (Defendants' Opposition in the District of Massachusetts).** *Text of Order: Reviewed.* **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 07/10/2025) |
| 07/10/2025 | 62 | NOTICE of Attorney Appearance by Eric Hamilton on behalf of Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary Attorney Eric Hamilton added to party Centers for Medicare and Medicaid Services(pty:dft), Attorney Eric Hamilton added to party Centers for Medicare and Medicaid Services, Administrator(pty:dft), Attorney Eric Hamilton added to party Donald J. Trump(pty:dft), Attorney Eric Hamilton added to party US Department of Agriculture(pty:dft), Attorney Eric Hamilton added to party US Department of Agriculture, Secretary(pty:dft), Attorney Eric Hamilton added to party US Department of Homeland Security(pty:dft), Attorney Eric Hamilton added to party US Department of Homeland Security, Secretary(pty:dft), Attorney Eric Hamilton added to party US Department of State(pty:dft), Attorney Eric Hamilton added to party US Department of State, Secretary(pty:dft).(Hamilton, Eric) (Entered: 07/10/2025) |
| 07/10/2025 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Judge Joseph N. Laplante. MOTION HEARING held on 7/10/2025 re 6 MOTION for Preliminary Injunction, 5 MOTION to Certify Class. Order to issue. (Court Reporter: Liza Dubois) (Pltfs Atty: C. Wofsy, G. Bissonnette, S. Kim, C. Garvan, K. Leung, Z. Heiden) (Defts Atty: E. Hamilton, B. Rosenburg, Z. Haden)(Total Hearing Time: 1 hour, 5 minutes) (ko) (Entered: 07/10/2025) |
| 07/10/2025 | 63 | **ORDER Granting Petitioner's Motion for Provisional Class Certification and Appointment of Class Counsel as outlined herein re 5 Motion to Certify Class. So Ordered by Judge Joseph N. Laplante.** (ko) Modified on 7/10/2025 to add: additional docket text(ko). (Entered: 07/10/2025) |
| 07/10/2025 | 64 | **ORDER Granting re 6 Petitioners' Motion for Classwide Preliminary Injunction as outlined herein. So Ordered by Judge Joseph N. Laplante.** (ko) (Entered: 07/10/2025) |
| 07/10/2025 | 65 | **ORDER GRANTING PRELIMINARY INJUCTION AND PROVISIONAL CLASS CERTIFICATION. So Ordered by Judge Joseph N. Laplante.**(ko) (Entered: 07/10/2025) |
| 07/11/2025 | 66 | MOTION for Yuri S. Fuchs to Withdraw as Attorney filed by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary.Follow up on Objection on 7/25/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Proposed Order)(Fuchs, Yuri) (Entered: 07/11/2025) |
| 07/11/2025 | 67 | TRANSCRIPT of Proceedings for Motion Hearing held on July 10, 2025. Court Reporter: Liza Dubois, Telephone # 603−225−1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90−day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 8/1/2025. Redacted Transcript Follow Up 8/11/2025. Release of Transcript Restriction set for 10/9/2025.(ko) (Entered: 07/11/2025) |
| 07/11/2025 | 68 | NOTICE of Bond Payment by Barbara, Mark, Matthew, Sarah, Susan.(Bissonnette, Gilles) (Entered: 07/11/2025) |
| 07/11/2025 | | BOND in the amount of $ 1.00 posted by Barbara, Sarah, Susan, Matthew, Mark, Immigration Reform Law Institute. Receipt #2253. (ko) (Entered: 07/14/2025) |
| 08/01/2025 | | **ENDORSED ORDER granting 66 Motion for Yuri S. Fuchs to Withdraw as Attorney. *Text of Order: Granted.* So Ordered by Judge Joseph N. Laplante.**(jwb) (Entered: 08/01/2025) |
| 08/21/2025 | 69 | |

| | | |
|---|---|---|
| | | Assented to MOTION to Extend Time to Answer to September 25, 2025 filed by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary. (Attachments: # 1 Proposed Order)(Jacobs, Kathleen) (Entered: 08/21/2025) |
| 08/26/2025 | | **ENDORSED ORDER granting re 69 Assented to Motion to Extend Time to Answer to September 25, 2025. *Text of Order: Motion to Extend Time to Answer is granted. For the reasons stated in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b).* So Ordered by Judge Joseph N. Laplante. Answer Follow Up on 9/25/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko) (Entered: 08/26/2025)** |
| 09/05/2025 | 70 | INTERLOCUTORY NOTICE OF APPEAL as to 65 Order, 64 Order on Motion for Preliminary Injunction by Centers for Medicare and Medicaid Services, Centers for Medicare and Medicaid Services, Administrator, Donald J. Trump, US Department of Agriculture, US Department of Agriculture, Secretary, US Department of Homeland Security, US Department of Homeland Security, Secretary, US Department of State, US Department of State, Secretary. (No fee paid, USA or IFP.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.]<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** (Jacobs, Kathleen) Modified on 9/9/2025 to add: Interlocutory to docket text(ko). (Entered: 09/05/2025) |
| 09/09/2025 | 71 | Appeal Cover Sheet as to 70 Notice of Appeal filed by US Department of Agriculture, Secretary, Centers for Medicare and Medicaid Services, US Department of Homeland Security, US Department of Agriculture, Centers for Medicare and Medicaid Services, Administrator, US Department of State, US Department of Homeland Security, Secretary, Donald J. Trump, US Department of State, Secretary. (ko) (Additional attachment(s) added on 9/9/2025: # 1 Transcript Order Form) (ko). (Entered: 09/09/2025) |
| 09/09/2025 | 72 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals documents numbered 64, 65, 70, and 71, re 70 Notice of Appeal. (ko) (Entered: 09/09/2025) |

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

INTERLOCUTORY APPEAL COVER SHEET

1.  USDC/NH Case No. 25-cv-244-JL-AJ

2.  TITLE OF CASE: Barbara, et al. v. Donald J. Trump, et al.

3.  TYPE OF CASE: Civil

4.  NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
    See certified copy of docket (ECF registered users not provided with a copy of docket)

5.  NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
    See certified copy of docket (ECF registered users not provided with a copy of docket)

6.  NAME OF JUDGE: Honorable Joseph N. Laplante

7.  DATE OF JUDGMENT OR ORDER ON APPEAL: **July 10, 2025**

8.  DATE OF NOTICE OF APPEAL: **September 5, 2025**

9.  FEE PAID or IFP: Not Applicable

10. COURT APPOINTED COUNSEL: Not Applicable

11. COURT REPORTER(S):   and DATES: See attached certified docket sheet.

12. TRANSCRIPTS ORDERED/ON FILE: YES

13. HEARING/TRIAL EXHIBITS: NO

14. MOTIONS PENDING: YES

15. GUIDELINES CASE: Not Applicable

16. RELATED CASES or CROSS APPEAL: NONE

17. SPECIAL COMMENTS:   NONE

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

Case name _____

District Court Case No. _____    District of PLEASE SELECT

Date Notice of Appeal filed _____    Court of Appeals Case No. _____

Form filed on behalf of _____

## TRANSCRIPT REPORT

Transcript Not Necessary for this Appeal _____
Transcript Already Filed in District Court.  List each transcript by docket entry number and date and type of proceeding (attach
separate page if necessary) _____

## TRANSCRIPT ORDER

Name of Court Reporter_____

Phone Number of Reporter_____

A. _____    **This constitutes an order of the transcript of the following proceedings [check appropriate box(es) and
indicate dates of hearing(s)]:**

PROCEEDING(S)                                               HEARING DATE(S)

- [ ] Jury Voir Dire                                    _____
- [ ] Opening Statement (plaintiff)                     _____
- [ ] Opening Statement (defendant)                     _____
- [ ] Trial                                             _____
- [ ] Closing Argument (plaintiff)                      _____
- [ ] Closing Argument (defendant)                      _____
- [ ] Findings of Fact/Conclusions of Law               _____
- [ ] Jury Instructions                                 _____
- [ ] Change of Plea                                    _____
- [ ] Sentencing                                        _____
- [ ] Bail hearing                                      _____
- [ ] Pretrial proceedings (specify) _____         _____
- [ ] Testimony (specify ) _____                   _____
- [ ] Other (specify) _____                    _____

NOTE:  Any form that fails to specify in adequate detail those proceedings to be transcribed will be considered deficient.

B. _____    **I certify that I have contacted the court reporter and the following financial arrangements for payment of the
transcript have been made:**

- [ ] Private funds.
- [ ] Government expense (civil case).  IFP status has been granted and a motion for transcript at government expense has
  been allowed.  (Attach a copy of the order to each copy of this order form.)
- [ ] Criminal Justice Act.  A CJA Form 24  has been approved by the <u>district court</u> judge.
- [ ] Criminal Justice Act.  A CJA Form 24 is attached for authorization by the court of appeals.
- [ ] Federal Public Defender/Government Counsel - no CJA Form 24 necessary.

Filer's name _____    Filer's Signature _____

Firm/Address _____    Filer's Email address _____

Telephone number _____    Date mailed to court reporter _____

(Court Reporter Use ONLY) Date received _____

Form CA1-10 (6/09/09)                                              **SEE INSTRUCTIONS ON REVERSE**

## UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

## TRANSCRIPT REPORT/ORDER FORM

This form must be completed by any party that files a notice of appeal to the First Circuit and by any party that wishes to order a transcript for an appeal. **A Transcript Report/Order Form that fails to comply with these instructions will be deemed non-compliant. In addition, the appeal will be subject to dismissal pursuant to 1st Cir. R. 3.0(b) and 10.0(a) if appellant fails to timely file a Transcript Report/Order Form.**

### TRANSCRIPT REPORT INSTRUCTIONS

If a transcript is not necessary for the appeal, or the transcript is already completed and filed with the district court, only the Transcript Report section needs to be completed. Appellant must file the completed Transcript Report Form with the Court of Appeals Clerk's Office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### TRANSCRIPT ORDER INSTRUCTIONS

If a transcript is being ordered, the Transcript Order section of the form must be completed. The completed Transcript Order Form must be filed with the court reporter in the district court within 14 days after filing the notice of appeal. Fed. R. App. P. 10(b). Do not submit this form until financial arrangements have been made with the court reporter. Appellant must file the completed Transcript Order Form with the Court of Appeals Clerk's Office and one copy with the district court clerk's office, accompanied by proof of service on opposing parties, within 14 days after the case is docketed in the Court of Appeals.

### CRIMINAL JUSTICE ACT INSTRUCTIONS

Any party ordering transcripts at government expense under the Criminal Justice Act must also complete a CJA Form 24, Authorization and Voucher for Payment of Transcripts. The voucher must be authorized by either the district court judge or the circuit court judge prior to the order being placed with the court reporter. Both the Transcript Order Form and CJA Form 24 must indicate with specificity those proceedings to be transcribed. The transcript order will be considered timely for purposes of Fed. R. App. P. 10(b) and 1st Cir. R. 3.0(b) and 10.0(a) if a completed Transcript Order Form and a CJA Form 24 in need of authorization are received by the Court of Appeals Clerk's Office within 14 days of the docketing of the appeal. The Clerk's Office will forward the Transcript Order Form and authorized CJA Form 24 to the court reporter.

**NOTE**: A separate Transcript Order Form (and if necessary, a CJA Form 24) must be completed for each court reporter from whom a transcript is requested.

### COURT REPORTER'S DUTIES

The court reporter should indicate on the Transcript Order Form the date of receipt of the form. Once the Transcript Order Form is filed in the Court of Appeals, the Clerk's Office will send a Transcript Order Acknowledgment to the court reporter noting the deadline for production of the transcript. If the court reporter *promptly* returns the Acknowledgment indicating that the transcript order is incomplete for any reason, the deadline may be suspended until the party ordering the transcript cures the deficiency. If the court reporter cannot complete the transcript by the deadline, he or she must file a motion for extension in the Court of Appeals. Fed. R. App. P. 11(b). An extension of time does not waive the mandatory fee reductions, which shall take effect after 60 days if the transcript order is not completed and a waiver has not been granted. Once the transcript is complete, the court reporter must file a copy with the district court and provide the ordering party with a copy.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Barbara, et al.

     v.                                  No. 25-cv-244-JL-AJ

Donald J. Trump, et al.


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

     I, Kellie Otis, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

     DOCUMENTS NUMBERED: 64, 65, 70, and 71

     The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

                                 IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, September 9, 2025

**Tracy Uhrin, Clerk**

**By: /s/ Kellie Otis, Deputy Clerk**

**Sep 09, 2025**


cc:  Counsel of Record

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

"**BARBARA**," *et al.*,

Plaintiffs,

v.

**DONALD J. TRUMP**, *et al.*,

Defendants.

Case No. 1:25-cv-244-JL-AJ

## <u>NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that the Defendants hereby appeal to the United States Court of Appeals for the First Circuit from the Court's July 10, 2025 Order Granting Petitioners' Motion for Classwide Preliminary Injunction (ECF No. 64) and July 10, 2025 Order Granting Preliminary Injunction and Provisional Class Certification (ECF No. 65).

Dated: September 5, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Branch Director

BRAD P. ROSENBERG
Special Counsel

*s/ Kathleen C. Jacobs*
R. CHARLIE MERRITT
KATHLEEN C. JACOBS (TX Bar No. 24091154)
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW

Washington, DC 20005
Phone: 202-598-7615
Email: kathleen.c.jacobs@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

"Barbara," et al.

v.

Civil No. 25-cv-244-JL-AJ

Donald J. Trump, President of the United
States, in his official capacity, et al.

## ORDER GRANTING PETITIONERS' MOTION FOR CLASSWIDE
## PRELIMINARY INJUNCTION

After careful consideration of the parties' submissions, the supporting declarations, the applicable law, and the filings and record in this case, the court GRANTS Petitioners' Motion for a Classwide Preliminary Injunction (doc. 6).[1]

The court hereby finds that Class Petitioners have demonstrated likelihood of success on the merits of their claims; that Class Petitioners are likely to suffer irreparable harm if the order is not granted; that the potential harm to the class petitioners if the order is not granted outweighs the potential harm to Respondents if the order is granted; and that the issuance of this order is in the public interest.

Pursuant to Federal Rule of Civil Procedure 65(a), this court orders that the U.S. Department of Homeland Security; the Secretary of the Department of Homeland Security, in their official capacity; the U.S. Department of State; the Secretary of the U.S. Department of State, in their official capacity; the U.S. Department of Agriculture; the Secretary of the U.S. Department of Agriculture, in their official capacity; the Centers for Medicare and Medicaid Services; and the Administrator for the Centers for Medicare and Medicaid Services, in their official capacity are enjoined and restrained from enforcing the Executive Order "Protecting the Meaning and Value of American Citizenship."

The court requires a nominal bond of $1 under Fed. R. Civ. P. 65(c). This preliminary injunction is STAYED for seven (7) days pending appeal.

SO ORDERED.

Joseph N. Laplante
United States District Judge

Dated: July 10, 2025
cc: Counsel of Record

---

[1] The certified class has been narrowed by the court from that requested by the petitioners.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>"Barbara," et al.</u>

v.

Civil No. 25-cv-244-JL-AJ
Opinion No. 2025 DNH 079P

<u>Donald J. Trump, President of the United
States, in his official capacity, et al.</u>

<u>**ORDER GRANTING PRELIMINARY INJUNCTION
AND
PROVISIONAL CLASS CERTIFICATION**</u>

This order grants a preliminary injunction and provisionally certifies a class of

petitioners.

Pseudonymous petitioners "Barbara," "Sarah," by her guardian, parent, and next

friend "Susan," and "Matthew," by his guardian, parent, and next friend "Mark," bring

this class action suit asking this court to enjoin the enforcement of an executive order that

would exclude certain groups from United States citizenship status.[1]  They sue the

President, the Secretary and Department of Homeland Security, the Secretary and

Department of State, the Secretary and Department of Agriculture, and the Administrator

of and Centers for Medicare and Medicaid Services (the persons in their official

capacities).[2]  The petitioners allege that a recent executive order involving birthright

citizenship violates the Fourteenth Amendment of the United States Constitution, the

---

[1] *See* Compl. (doc. no. 1).
[2] *Id.* at ¶¶ 15-23.

1

Immigration and Nationality Act, and the Administrative Procedure Act. *See* <u>U.S. Const.</u> <u>amend. XIV, § 1</u>; Immigration and Nationality Act, 8 U.S.C. § 1401; Administrative Procedure Act, 5 U.S.C. § 706(B). The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 as this action arises under the Constitution and laws of the United States.

After reviewing the parties' submissions and holding requested oral argument, the court provisionally certifies a class of petitioners[3] and grants the preliminary injunction.

## I.    <u>Procedural background</u>

On January 20th, 2025, the President issued Executive Order No. 14160, titled "Protecting the Meaning and Value of American Citizenship."[4] It provides that the Fourteenth Amendment of the Constitution excludes from birthright citizenship "persons who were born in the United States but not 'subject to the jurisdiction thereof.'"[5] It orders that, beginning February 19th, 2025, "no department or agency of the United States government shall issue documents recognizing United States citizenship, or accept documents issued by State, local, or other governments or authorities purporting to recognize United States citizenship, to persons" in two circumstances:

> "(1) when that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) when that person's mother's presence in the United States was lawful but temporary, and the

---

[3] As the court discusses *infra* § III.b., the court certifies a narrower class than that proposed by the petitioners.

[4] Protecting the Meaning and Value of American Citizenship Executive Order No. 14160, 90 Fed. Reg. 8449 (Jan. 20, 2025).

[5] *Id.*

person's father was not a United States citizen or lawful permanent resident at the time of said person's birth."[6]

This court and three others preliminarily enjoined the respondents[7] from enforcing the Executive Order in four separate suits.[8]  This court enjoined enforcement "with respect to the petitioners, and with respect to any individual or entity in any other matter or instance within the jurisdiction of this court," during the pendency of the litigation.[9]  *New Hampshire Indonesian Cmty. Support*, 765 F. Supp. 3d 102, 112 (D.N.H. 2025).  The three other courts issued universal preliminary injunctions, which the Supreme Court held were "broader than necessary to provide complete relief to each plaintiff with standing to sue."  *Trump v. CASA, Inc.*, 606 U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2025 WL 1773631, at *15 (U.S. June 27, 2025).  The Supreme Court ordered lower courts to ensure that their injunctions comport with the ruling, stayed the injunctions "to the extent that they prohibit executive agencies from developing and issuing public guidance" regarding the Executive Order, and ordered that § 2 of the Executive Order would not take effect until 30 days after the date of the opinion, or July 27, 2025.[10]  *Id.*  The Court did not rule on the merits of the injunctions.

---

[6] *Id.*
[7] All of the four suits name the same respondents named in this litigation.
[8] See *New Hampshire Indonesian Cmty. Support v. Trump*, 765 F. Supp. 3d 102, 112 (D.N.H. 2025); *CASA, Inc. v. Trump*, 763 F. Supp. 3d 723, 746 (D. Md. 2025); *State v. Trump*, 765 F. Supp. 3d 1142, 1154 (W.D. Wash. 2025); *Doe v. Trump*, 766 F. Supp. 3d 266, 290 (D. Mass. 2025) (Sorokin, J.).
[9] Respondents' appeal is now pending before the First Circuit Court of Appeals.
[10] The respondents made no argument orally or in writing that this court's consideration of or issuance of orders on these motions violates the stay imposed in *CASA*.

Within hours of the ruling, the petitioners initiated this class action seeking declaratory and injunctive relief, moving immediately for "certification of a class of all current and future children who are or will be denied United States citizenship by [the] Executive Order…, and their parents" and requesting a one-week briefing schedule.[11] The petitioners seek provisional class certification to allow for a class-wide preliminary injunction prohibiting enforcement of the order during the pendency of the litigation.[12]

## II.    <u>Class representative petitioners</u>

The class representative petitioners—Barbara, Sarah, Susan, Matthew, and Mark—bring this action under Federal Rules of Civil Procedure 23(a) and 23(b)(2) on behalf of themselves and a nationwide class of all other persons similarly situated.

Petitioner "Barbara" is a is a citizen of Honduras.[13]  She currently resides in New Hampshire with her husband and three minor children.[14] Her asylum application is pending with the United States Citizenship and Immigration Services, and she has resided in the United States since 2024.[15]  Her husband, the father of her children, is not a U.S.-citizen or lawful permanent resident.[16] They are expecting their fourth child in October

---

[11] Pet'rs'.' Mot. Class Cert. (doc. no. 5) at 1.  Respondents requested a longer timeline but, in apparent recognition of the realities implicated by the Supreme Court's 30-day stay, offered no objection to the court's limited extension to the petitioners' proposal.
[12] Compl. (doc. no. 1) at 16.
[13] Decl. Barbara (doc no. 5-9) at ¶ 2.
[14] *Id.* ¶¶ 2, 4.
[15] *Id.* ¶¶ 3, 5.
[16] *Id.* ¶ 9.

2025.[17]  Barbara plans to seek for her child Supplemental Nutrition Assistance Program (SNAP), Medicaid, and other benefits for which citizens are eligible.[18]

Petitioner "Sarah" is the daughter of petitioner "Susan," a citizen of Taiwan.[19] Susan and Sarah reside in Utah.[20]  Susan has lived in the U.S. for 12 years.[21] She is currently in the United States on a student visa and is in the process of applying for lawful permanent resident status based on an approved employment-based visa.[22]  Her husband, the father of her children, is not a U.S.-citizen or lawful permanent resident.[23] Susan gave birth to Sarah in Utah in April 2025,[24] and applied for a United States passport for the child.[25]  She has three other children, all of whom are U.S. citizens.[26]

Petitioner "Matthew" is the son of petitioner "Mark," a citizen of Brazil.[27] Mark resides in Florida.[28]  He has lived in the United States for the past five years,[29] and is in the process of applying for lawful permanent status.[30]  Matthew, Mark's first child, was

---

[17] *Id.* ¶ 7.

[18] Suppl. Decl. Barbara (doc. no. 57-1) at 2.  The respondents requested at oral argument that the court strike the petitioners' supplemental declarations.  The court declines to do so.  *See* L.R. 7.1(a)(1).

[19] Decl. Susan (doc. no. 5-10) at ¶ 2.

[20] *Id.*

[21] *Id.* ¶¶ 3, 5.

[22] *Id.* ¶¶ 5, 6.

[23] *Id.* ¶ 9.

[24] *Id.* ¶ 7.

[25] Suppl. Decl. of Susan (doc. no. 57-2) at 2.

[26] Decl. of Susan (doc. no. 5-10) ¶ 4.

[27] Decl. Mark (doc. no. 5-11) at ¶ 2.

[28] *Id.*

[29] *Id.* ¶ 3.

[30] *Id.* ¶ 6.

born in Florida in March 2025,[31] and has received a U.S. passport.[32] Mark's wife does

not have lawful status in the United States.[33]

> The class representative petitioners seek to represent the following proposed class:
> "All current and future persons who are born on or after February 20, 2025,
> where (1) that person's mother was unlawfully present in the United States
> and the person's father was not a United States citizen or lawful permanent
> resident at the time of said person's birth, or (2) that person's mother's
> presence in the United States was lawful but temporary, and the person's
> father was not a United States citizen or lawful permanent resident at the
> time of said person's birth, as well as the parents (including expectant
> parents) of those persons."[34]

The petitioners request that the court provisionally certify the class and immediately issue

a class-wide preliminary injunction.[35]  The respondents object to both class certification

and the preliminary injunction.

## III.  **Class certification**

The court grants provisional class certification, but to a narrower class than that

proposed by petitioners.  The certified class includes only those persons to whom the

Executive Order denies citizenship.  It does not include their parents.

### a.  **Applicable standard**

The petitioners have moved for certification under Fed. R. Civ. P. 23(b)(2).  Rule

23(b) certification is permissible only if: "(1) the class is so numerous that joinder of all

members is impracticable; (2) there are questions of law or fact common to the class; (3)

---

[31] *Id.* ¶ 7.
[32] Suppl. Decl.Mark (doc. no. 57-3) at 2.
[33] Decl. Mark (doc. no. 5-11) at ¶ 9.
[34] Pet'rs' Mem. Mot. Class Cert. (doc. no. 5-1) at 3.
[35] Pet'rs' Mot. Prelim. Inj. (doc. no. 6) at 4.

the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The petitioners seek to certify a class under Fed. R. Civ. P. 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Both the burden and quantum of required proof under this standard are familiar. The burden here rests with the petitioners. The required quantum of evidence is proof by a preponderance. "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." *Wal-Mart*, 564 U.S. at 350. "It is sufficient if each disputed requirement has been proven by a preponderance of evidence." *In re Nexium Antitrust Litig.*, 777 F.3d 9, 27 (1st Cir. 2015) (cleaned up). "'Provisional' certification does not lower the bar with respect to the Rule 23(a) and (b) standards; the court must conduct a rigorous inquiry and satisfy itself that the putative class meets those requirements." *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, No. 20-CV-453-LM, 2020 WL 2113642, at *2 (D.N.H. May 4, 2020) (McCafferty, C.J.).

"Courts routinely grant provisional class certification for purposes of entering injunctive relief." *Idaho Org. of Res. Councils v. Labrador*, No. 1:25-CV-00178-AKB, 2025 WL 1237305, at *15 (D. Idaho Apr. 29, 2025) (citing *Meyer v. Portfolio Recovery*

*Assocs., LLC*, 707 F.3d 1036, 1041-43 (9th Cir. 2012); *Padres Unidos de Tulsa v.*

*Drummond*, No. CIV-24-511-J, 2025 WL 1444433, at *12 (W.D. Okla. May 20, 2025)

(collecting cases); *see also CASA*, No. 24A884, 2025 WL 1773631, at *19 ("[P]laintiffs

who challenge the legality of a new federal statute or executive action and request

preliminary injunctive relief may sometimes seek to proceed by class action under [Rule]

23(b)(2) and ask a court to award preliminary classwide relief that may, for example, be

statewide, regionwide, or even nationwide.") (Kavanaugh, J. concurring).  The court does

so here, and may later modify or amend the order granting class certification.  Fed. R.

Civ. P. 23(c)(1)(C).

### b. Class definition

The court grants provisional class certification but declines to adopt the class

definition proposed by petitioners.  As petitioners point out,[36] federal courts have

discretion to modify a class definition.  *See, e.g. Campbell v. First Am. Title Ins. Co.,* 269

F.R.D. 68, 74 (D. Me. 2010) (Singal, J.) (citing *Slapikas v. First Am. Title Ins. Co.*, 250

F.R.D. 232, 250-51 (W.D. Pa. 2008)) (revising class definition); *Wagner v. Taylor*, 836

F.2d 578, 589–90 (D.C. Cir. 1987) (noting a court's "broad discretion to redefine and

reshape the proposed class to the point that it qualifies for certification under Rule 23");

7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1759 (4th

ed. 2025) ("[I]f plaintiff's definition of the class is found to be unacceptable, the court

may ... redefine the class to bring it within the scope of Rule 23 ...."); *Refugee &*

---

[36] Pet'rs' Reply (doc. no. 57) at 9 n.8.

8

*Immigrant Ctr. for Educ. & Legal Servs. v. Noem*, No. CV 25-306 (RDM), 2025 WL
1825431, at *46 (D.D.C. July 2, 2025) (Moss, J.) (noting the court's authority to alter a
class definition).  Petitioners have not demonstrated by a preponderance of the evidence
that the class should include "the parents (including expectant parents)" of the children
denied birthright citizenship by the Executive Order.  Doubtless the parents of such
children would suffer harms following from the denial of United States citizenship to
their children, including, but likely not limited to, those detailed in the complaint.[37]  But
the harms to the parents of children denied citizenship are (a) not the subject of the
specific claims in the complaint, which refer to the Executive Order's denial of
citizenship to children,[38] and (b) would not necessarily meet Rule 23(a)'s requirements
for commonality and typicality, as the enumerated harms are factually and legally
diverse.  Certifying a class of children without their parents eliminates those potential
commonality and typicality issues while still allowing complete relief for the claims as
stated in the complaint.  This approach is particularly suitable where, as here, the
petitioners have requested both preliminary injunctive relief, full briefing, oral argument,
and a ruling in an approximately one-week timeframe.[39]

Narrowing the class also sharpens the court's focus on the specific injury for
which relief is claimed in Counts 1, 2, 3, and 4: the denial of the children's constitutional

---

[37] *See* Compl. (doc. no. 1) at 11-14.
[38] *Id.* at 14-15.
[39] Pet'rs' Mot. Class Cert. (doc. no. 5) at 1 (filing on June 27, 2025, ruling requested by July 7, 2025).

right to United States citizenship.[40]  This is a cognizable injury applicable to all members

of the certified class: if a child is denied citizenship because of the Executive Order, he or

she will suffer the same injury as all other children subject to it.  Although other harms

may follow from the denial of citizenship, they are not the subject of the claims or

requested relief.

The court therefore provisionally certifies and focuses its analysis on the

following, narrower, class:

> "All current and future persons who are born on or after February 20, 2025,
> where (1) that person's mother was unlawfully present in the United States
> and the person's father was not a United States citizen or lawful permanent
> resident at the time of said person's birth, or (2) that person's mother's
> presence in the United States was lawful but temporary, and the person's
> father was not a United States citizen or lawful permanent resident at the
> time of said person's birth."[41]

### c. Numerosity

To satisfy this first requirement of class certification, Rule 23 requires that "the

class is so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a).

"[T]he party seeking certification need not establish a precise number of putative class

members."  *Gomes v. Acting Sec'y, U.S. Dep't of Homeland Sec.*, 561 F. Supp. 3d 93, 99

(D.N.H. 2021) (McCafferty, C.J.). "[G]enerally[,] if the named plaintiff demonstrates that

the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."

---

[40] *See id.*

[41] The court informed the parties at oral argument that it would narrow the class to exclude
parents.  Both parties agreed that the court had authority to *sua sponte* narrow the class.

*Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (quoting *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)).

The petitioners argue that the number of children denied American citizenship satisfies the numerosity requirement, and the respondents do not dispute this assertion. The court agrees with the petitioners. The petitioners cite credible evidence estimating that the Executive Order would deny citizenship to thousands of children. *See Repealing Birthright Citizenship Would Significantly Increase the Size of the U.S. Unauthorized Population*, Migration Policy Inst. (May 2025), https://www.migrationpolicy.org/news/birthright-citizenship-repeal-projections.

Respondents object to the inclusion of "future persons" in the class, arguing that "'future persons'—*i.e.*, persons who have not yet been conceived—lack either standing or capacity to sue."[42] As petitioners note, the fact that a policy will continue to harm future class members is relevant to numerosity.[43]

Including future class members is no bar to class certification. Although the future class member children in this case have yet to be born, as soon as they are born, they will join the class and their claims will be ripe. *See A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022) (quoting *Rodriguez v. Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010) (abrogation on other grounds recognized by *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022)) ("The

---

[42] Resp'ts' Mem. Obj. (doc. no 56-1) at 20.
[43] Pet'rs' Reply (doc. no. 57) at 9 (citing *Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass.), *enforcement granted,* 64 F. Supp. 3d 271 (D. Mass. 2014)).

inclusion of future class members in a class is not itself unusual or objectionable," because "[w]hen the future persons referenced become members of the class, their claims will necessarily be ripe."); *Refugee & Immigrant Ctr. for Educ. & Legal Servs*, No. CV 25-306 (RDM), 2025 WL 1825431, at *46 (certifying a class "consisting of all individuals who are or will be subject to the Proclamation and/or its implementation and who are now or will be present in the United States"). In other cases involving children, the fact that some of the potential future class members had not yet been born was not a bar to certification. *See, e.g., M. D. by Stukenberg v. Abbott*, 907 F.3d 237, 271 (5th Cir. 2018) (upholding class certification that included "all children now, or in the future" in the state's conservatorship program); *Hawaii State Dep't of Educ.*, 30 F.4th at 838 (Rule 23(a) requirements met where class included "all present and future [] female students" who participated or sought to participate in athletics).

Finally, more children will continuously populate the class as they are born, and, where "an influx of future members will continue to populate the class ... at indeterminate points in the future, joinder becomes not merely impracticable but effectively impossible." *Gomes*, 561 F. Supp. 3d at 99 (citations and quotation marks omitted); *see also Reid v. Donelan*, 297 F.R.D. 185, 189 (D. Mass.), enforcement granted, 64 F. Supp. 3d 271 (D. Mass. 2014) (Ponsor, J.) (citing William B. Rubenstein, Newberg and Rubenstein on Class Actions § 3.15 (5th ed. 2013) ("Unforeseen members will join the class at indeterminate points in the future, making joinder *impossible.*") (emphasis in original).

The petitioners satisfy the numerosity requirement.

### d. Commonality

To certify a class, the court must also find "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). One common question suffices. *Wal-Mart*, 564 U.S. at 359. The proposed class must have a "common contention" that "is capable of classwide resolution." *Id.* at 350. In other words, the "determination of [the contention's] truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* "Rule 23(a)'s requirement of commonality is a low bar, and courts have generally given it a permissive application." *In re New Motor Vehicles Can. Exp. Antitrust Litig.*, 522 F.3d 6, 19 (1st Cir. 2008) (citations and quotation marks omitted). "[T]he focus of the commonality inquiry is not on the strength of each plaintiff's claim, but instead is on whether the defendant's conduct was common as to all of the class members." *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 382 (3d Cir. 2013) (citations and quotation marks omitted). "[C]ommon answers typically come in the form of a particular and sufficiently well-defined set of allegedly illegal policies or practices that work similar harm on the class plaintiffs." *Parent/Prof'l. Advocacy League v. City of Springfield*, 934 F.3d 13, 28 (1st Cir. 2019) (citation modified).

The petitioners argue that the putative class members share legal questions about the constitutionality and lawfulness of the Executive Order. Each class member, they contend, will suffer the common injury of denial of citizenship and would receive the same relief: an injunction declaring the Executive Order unlawful and unenforceable.

The court agrees.  Petitioners raise several common questions of law, including whether the Executive Order violates the Constitution and § 1401 and whether the respondents have violated the Administrative Procedure Act.  Additionally, the petitioners argue that the proposed class members share a common factual connection—the denial of citizenship and its associated benefits.  Finally, petitioners contend that if the court decides in their favor on the merits, they will receive the same relief (an injunction) for the same injury (denial of citizenship).  *See, e.g.*, *Id.* at 29 (regarding commonality in class action relating to special education, "plaintiffs can satisfy Rule 23(a)'s commonality requirement by identifying a uniformly applied, official policy of the school district, or an unoffical yet well-defined practice, that drives the alleged violation"); *Van Meter v. Harvey*, 272 F.R.D. 274, 282 (D. Me. 2011) (Woodcock, J.) (finding commonality in class of Maine residents eligible or enrolled in health care program where "questions of [state department of health's] course of conduct are common to all class members, namely its alleged failure to evaluate and provide services to the proposed class members according to federal standards[, because] those factual questions implicate a common set of federal statutes.").  Petitioners have shown that a class action in this instance will "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (emphasis in original) (citation omitted).

The respondents argue that divergent factual issues related to parents' domiciles at the time of the children's birth undermine the class's commonality.  Reasserting their argument from *New Hampshire Indonesian Cmty. Support* that the phrase "subject to the jurisdiction" of the United States refers, in the Fourteenth Amendment and § 1401, to a

14

person's domicile at the time of his or her birth, the respondents contend that a person's domicile may determine whether that person is entitled to citizenship under the Executive Order, leading to potentially different outcomes among members of the putative class depending on their domicile.[44]  The argument fails here.  This court, like others, rejected the argument that the phrase "subject to the jurisdiction thereof" involves domicile.  *See United States v. Wong Kim Ark*, 169 U.S. 649, 693 (1898); *New Hampshire Indonesian Cmty. Support*, 765 F. Supp. 3d at 110; *see also CASA, Inc. v. Trump*, 763 F. Supp. 3d 723, 739 (D. Md. 2025) (holding the same); *State v. Trump*, 765 F. Supp. 3d 1142, 1150 (W.D. Wash. 2025) (same); *Doe v. Trump*, 766 F. Supp. 3d 266, 272 (D. Mass. 2025) (Sorokin, J.) (same).  So domicile has no bearing on the common facts or law relevant to resolution of the suit.[45]  *See Parent/Prof'l. Advoc. League*, 934 F.3d at 28.  The petitioners in the court's narrow class satisfy the commonality requirement.

---

[44] The court notes that the concept of "domicile" does not meaningfully align with the classes of people singled out by the Executive Order.  For instance, all the petitioners could likely show domicile in the United States: they all allege that they live—some for more than 20 years—and intend to stay in the United States.  But all of them have or will have children that would be affected by the Executive Order.  Thus, the concept of domicile is underinclusive of the groups of people delineated in the Executive Order.

[45] Because domicile and immigration status (outside of the exceptions enumerated in *Wong Kim Ark*, which are not at issue here) have no bearing on the common facts or law relevant to resolution of the suit, discovery on "the class representatives' immigration statuses, how long they have been present in the United States, and facts related to their demonstrated intention to stay and make the United States their lawful home" is not necessary.  *See* Resp'ts' Mem. Obj. at 17.  Similarly, because the claims and relief requested are limited specifically to the denial of United States citizenship, discovery about "the ways in which [petitioners] intend to utilize the benefits of American citizenship" is not warranted.  *Id.*

15

### e. Typicality

Next, petitioners must show "typicality," or that their claims or defenses are "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). To be typical, the representative petitioners' claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [be] based on the same legal theory." *Garcia-Rubiera*, 570 F.3d at 460 (citation modified); *see also Ouadani v. Dynamex Operations E., LLC*, 405 F. Supp. 3d 149, 162 (D. Mass. 2019) (Saris, J.) ("Typicality requires that the class representative's 'injuries arise from the same events or course of conduct as do the injuries of the class,' but his claims need not be 'identical to those of absent class members.'") (citation omitted).

"The commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart*, 564 U.S. at 349 n. 5. Typicality is established when the claims of the named plaintiffs and the class "involve the same conduct by the defendant . . . regardless of factual differences." *Hawkins ex rel. Hawkins v. Comm'r of N.H. Dep't of Health & Human Servs.*, No. CIV. 99-143-JD, 2004 WL 166722, at *3 (D.N.H. Jan. 23, 2004) (DiClerico, J.) (quoting *Johnson v. HBO Film Mgt., Inc.*, 265 F.3d 178, 184 (3d Cir. 2001)). "For purposes of demonstrating typicality, '[a] sufficient nexus is established if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *In re Relafen Antitrust Litig.,* 231 F.R.D. 52, 69 (D. Mass. 2005) (Young, J.) (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir.1984)). "Even though there may be some differences between [the class representative] and the putative class members, what

matters is that they are bound together by a common legal theory." *Ouadani*, 405 F.
Supp. 3d at 163 (finding typicality where company applied its independent contractor
policy to named plaintiff and other members of the putative class in the same way); *see
also Gomes*, No. 20-CV-453-LM, 2020 WL 2113642 (D.N.H. May 4, 2020) (McCafferty,
C.J.) (finding typicality where petitioners' claims "[arose] from the same course of
conduct: respondents' facility-wide actions or inactions," and were all "based on the legal
theory that respondents have violated their Fifth Amendment Due Process rights.").

Petitioners claim that the named representatives' claims are "obviously typical" of
the claims of the proposed class,[46] while the respondents argue that, as with commonality,
individualized determinations about the class members' domiciles undermine the claims'
typicality.

The court agrees with the petitioners with respect to the claims of the class as
limited by the court. As in *Ouadani*, and *Gomes*, the putative class members' injuries
would be the same—namely, denial of citizenship—and would "involve the same
conduct by the defendant[s],"—namely, enforcement of the Executive Order. *See
Hawkins ex rel. Hawkins*, 2004 WL 166722, at *3. This is true even if some factual
differences may exist between the class members (for instance, their parents' domicile or
length of residence in the United States) because the respondents' conduct and the
petitioners' injuries would be the same in all cases. *Id.* As with commonality, because
domicile and "legal presence,"[47] outside of the exceptions enumerated in *Wong Kim Ark*,

---

[46] Pet'rs' Mem. Mot. Class Cert. (doc. no. 5-1) at 9.
[47] Resp'ts' Mem. Obj., (doc. no. 56-1) at 16.

17

169 U.S. at 693, have no bearing on whether a child should receive United States citizenship under the Fourteenth Amendment or § 1401,[48] factual differences in the parents' domiciles or legal presence do not bear on the typicality of the children's claims.

The typicality requirement is met here.

### f. Adequacy of representation

Finally, Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This subsection has two requirements: (1) "that the interests of the representative party will not conflict with the interests of any of the class members"; and (2) that chosen counsel "is qualified, experienced and able to vigorously conduct the proposed litigation." *Clough v. Revenue Frontier, LLC*, No. 17-CV-411-PB, 2019 WL 2527300 at *4 (D.N.H. June 19, 2019) (Barbadoro, J.) (cleaned up).

The court has not identified any conflicting or potentially conflicting interests between representatives of the proposed class and those of the unnamed class members. Respondents make two arguments against the adequacy of the proposed class: first, that differences in the parents' domiciles may lead petitioners to focus only on arguments that cover their factual and legal situation; and second, that the petitioners' decision to proceed pseudonymously undermines the ability of putative class members to assess the class representatives' adequacy or potentially conflicting interests.[49]

---

[48] *See supra* § III.d.; *see also New Hampshire Indonesian Cmty. Support,* 765 F. Supp. 3d at 110.

[49] Respondents make a third argument related to potential claims against certain respondents, including the Department of Agriculture and the Centers for Medicare and Medicaid Services. Resp'ts' Mem. Obj. (doc. no. 56-1) at 18. In response, petitioners provided supplemental

As to the first argument, the court has rejected the contention that the domiciles of class-member children's parents matter for the purposes of the claims raised in the case.[50] The respondents do not raise any other potential conflicts that could exist between members of the putative class and the class representatives.

As to the second argument, courts have recognized that litigation can proceed pseudonymously in "exceptional cases." *Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022) (quotation marks omitted). In this case, the court found that the "totality of the circumstances" favored allowing the petitioners to proceed pseudonymously for the reasons stated in their motion.[51] *See id.* And although in Rule 23(b)(3) cases, where class members may opt out, "[p]utative class members have an interest in knowing the identities of all class representatives so that they may assess

---

declarations about their intent to apply for benefits administered by those respondents, like passports, Medicaid or SNAP benefits. *See* Suppl. Decl. Barbara (doc. no 57-1); Suppl. Decl. Susan (doc. no. 57-2); Suppl. Decl. Mark (doc. no. 57-3). The court views these arguments as better suited to a motion to dismiss, rather than a discussion of the adequacy of representation in a class action. The court notes that petitioners have not made any specific requests for relief regarding SNAP benefits, passports, or otherwise. Although these forms of relief may follow from the relief requested, they are not specifically at issue here. *See* Compl. (doc. no 1) at 14-16.

[50] *See supra* § III.d.

[51] Pet'rs' Mot. Proceed Pseudonymously (doc. no. 7) (granted, without objection, on June 30, 2025). At the conference on June 30, 2025, the respondents agreed to the petitioners' motion, while "reserv[ing] their right to obtain the identities of the Plaintiffs or to raise objections at a later time" with respect to class certification. Resp'ts' Mem. Obj. (doc. no. 56-1) at 18 n.3. In their objection to class certification they ambiguously state that they "do so now." *Id.* To the extent the respondents' statement makes a request to disclose the identities of the petitioner, it violates L.R. 7.1(a)(1), with which their local counsel is presumably familiar, which prohibits combining multiple motions seeking separate and distinct relief into a single filing. To the extent the respondents are merely objecting to the decision to allow the class representatives to proceed pseudonymously, the court would be willing to order disclosure of the class representatives to putative class members under a protective order, should the respondents make such a motion and the court finds that such disclosure is warranted.

whether the representatives adequately represent them and whether they wish to participate in the action," *see Rapuano v. Trs. of Dartmouth Coll.*, 334 F.R.D. 637, 649 (D.N.H. 2020) (McCafferty, C.J.), this is a (b)(2) class. Here the putative class members have no way to opt in or out of the class, and thus less need for information about class representatives. No party has identified a way in which the class representatives *could* have conflicts with other class members, other than on factual differences in domicile. The petitioners have alleged facts sufficient to show that they are members of the class they seek to represent.[52] As one court observed, "in putative class actions raising constitutional challenges, the public interest is not being able to identify any one Plaintiff, but in being able to follow the case to determine how the constitutional issues are resolved." *Doe v. City of Apple Valley*, No. 20-CV-499 (PJS/DTS), 2020 WL 1061442, at *3 (D. Minn. Mar. 5, 2020) (cleaned up).

Turning to the second factor of the adequacy inquiry, the court is convinced that proposed class counsel, lawyers from the ACLU Immigrants' Rights Project, the ACLUs of New Hampshire, Maine, and Massachusetts, the Asian Law Caucus, the NAACP Legal Defense and Educational Fund, and the Democracy Defenders Fund have sufficient experience and qualifications to serve as class counsel. The petitioners satisfy the adequacy requirement.

---

[52] *See* Decl. Barbara (doc. no. 5-9); Decl. Susan (doc. no. 5-10); Decl. Mark (doc. no. 5-11).

### g.  23(b)(2) certification

In addition to meeting the requirements of Rule 23(a), class actions must fall into one of the three categories established under Rule 23(b).  Petitioners seek certification under Rule 23(b)(2), which allows class treatment when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).[53] "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Wal-Mart*, 564 U.S. at 360 (emphasis in original).

Petitioners argue that the class meets Rule 23(b)(2)'s requirement because the respondents have engaged in unlawful behavior towards the entire class and they seek a single injunction and declaratory injunction that would provide classwide relief.[54] Respondents, quoting *Wal-Mart*, 564 U.S. at 360 ("[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the

---

[53] "Rule 23(b)(2) authorizes certification of a class solely for the purpose of *final* injunctive or declaratory relief. Hence, a case seeking only a provisional remedy like a preliminary injunction cannot be certified under Rule 23(b)(2) on that basis alone. This is rarely a problem for proponents of class certification, however, as a class seeking preliminary injunctive relief will typically seek to have that relief embodied in a final injunction as well. Moreover, although (b)(2) certification requires a request for final injunctive relief, a court may issue a classwide preliminary injunction in a putative class action suit prior to a ruling on the class certification motion or in conjunction with it." 2 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 4:30 (6th ed., June 2025 Update).

[54] Pet'rs' Mem. Mot. Class Cert. (doc. no. 5-1) at 11.

conduct is such that it can be enjoined or declared unlawful only as to all of the class

members or as to none of them"), argue that the petitioners do not meet the requirements

for a (b)(2) class because the relief is not truly *indivisible* in the way that, for instance,

prohibiting a person from playing loud music provides indivisible relief to all of his

neighbors: a court *could not* order different relief to different neighbors at the same

time.[55]  This is particularly true, the respondents argue, if a court were to find that

domicile is relevant to the application of the Executive Order or the merits of the claims,

because a court could decide to provide relief to some class members and not others

based on domicile.[56]

    But the discussion in *Wal-Mart* itself contradicts the respondents' argument.

Quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 613 (1997), the Supreme

Court noted that "'[c]ivil rights cases against parties charged with unlawful, class-based

discrimination are prime examples' of what (b)(2) is meant to capture," and explained

that "the Rule reflects a series of decisions involving challenges to racial segregation—

conduct that was remedied by a single classwide order." *Wal-Mart*, 564 U.S. at 361.  The

---

[55] Resp'ts' Mem. Obj. (doc. no. 56-1) at 16.  At oral argument, the respondents also argued for the first time, and without providing authority, that because the executive branch has yet to fully develop its guidance on implementing the Executive Order, the behavior petitioners seek to enjoin is not sufficiently uniform with respect to the putative class.  That argument was not raised with respect to (b)(2) certification in the briefs and thus has been waived.  *See Garcia–Ayala v. Parenterals, Inc.*, 212 F.3d 638, 645 (1st Cir. 2000) (failure to brief an argument constitutes waiver despite attempt to raise the argument at oral argument); *United States v. Leoner-Aguirre*, 939 F.3d 310, 319 (1st Cir. 2019), *cert. denied*, No. 19-6820, 2020 WL 129919 (U.S. Jan. 13, 2020) (deeming such new arguments waived); *Frese v. MacDonald*, No. 18-CV-1180-JL, 2020 WL 13003802, at *5 (D.N.H. Feb. 14, 2020) (Not "sufficient to raise an argument for the first time at oral argument.").
[56] *Id.*

Court goes on to explain that "the relief sought must perforce affect the entire class at once." *Id.* at 362. That is the case where, as here, the petitioners seek "a single injunction or declaratory judgment [that] would provide relief to each member of the class." *Id.* at 360. The petitioners request the same, un-individualized remedy: a declaratory judgment that the Executive Order "is unconstitutional and unlawful in its entirety," and a single injunction prohibiting its enforcement.[57] This requested relief aligns with the mandatory nature of the (b)(2) class because it does not require, or allow, class members to opt in or out of enforcement.

Because enforcement of the Executive Order would likely constitute unlawful behavior towards the entire class as limited by the court, *see infra* § IV(b), and because a single injunction and declaratory judgment would provide complete relief to every member of the class, the class fits comfortably into the Rule 23(b)(2) category. *See Reid*, 297 F.R.D. at 193 (finding a class fit "firmly in the (b)(2) category" where "Defendants have acted, or refused to act, on grounds generally applicable to all members of the class," "members of the class have all been treated identically," and "seek[] a single injunction or a single declaratory judgment").

### h. Catchall arguments on class certification

The respondents make several catchall arguments against class certification at this early stage in the litigation.[58] The court rejects these generalized contentions in favor of the petitioners' suggested course of action.

---

[57] Compl. (doc. no. 1) at 16.
[58] Resp'ts' Mem. Obj. (doc. no. 56-1) at Parts I, III.

**Provisional class certification.** First, the respondents object to the "appropriateness" of seeking provisional class certification and injunctive relief.[59] Respondents argue that courts should only grant provisional certification to classes whose members require "a form of preliminary and emergency relief," under exigent circumstances. The circumstances in this case, they contend, differ. Petitioners emphasize that courts routinely grant certification alongside a preliminary junction in many kinds of cases, not just litigation related to imminent deportation or COVID-19.

The court finds petitioners' arguments more persuasive, both with respect to the court's ability to certify classes provisionally for the purpose of injunctive relief, and the petitioners' cited authority for the court's exercise of this ability. *See*, *e.g.*, *Gomes*, 2020 WL 2113642, at \*4; *Meyer*, 707 F.3d at 1041-43.[60] Moreover, the court may continue to revise the class certification order until final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C).

Further, this court has no hesitation determining this situation warrants emergency injunctive relief and class certification. The respondents' proposed course of action would reverse a nationally known and recognized government policy in place for over a century and affect thousands of families. Injunctive relief here would only maintain the status quo during the litigation and, at most, delay the policy's implementation. While the respondents attempt to claim that all the petitioners' cited cases provide more exigent circumstances than described here, this court disagrees. As the petitioners claimed in

---

[59] *See id*. at 7.

[60] The Supreme Court has also indicated that courts can issue temporary injunctive relief to a putative class. *See A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1369 (2025).

*New Hampshire Indonesian Cmty. Support*, the denial of citizenship status at birth can have immediate, irreversible effects.

The respondents also argue that provisional certification does not lower the bar for class certification. The court agrees. But the petitioners have provided sufficient factual and legal support for class certification.

**Premature certification.** Second, the respondents argue that certifying the class would be premature because other lower courts have not yet narrowed the scope of their nationwide injunctions, as ordered by the Supreme Court in *CASA*. They argue that this court should withhold any potential injunction until the review of the other injunctions occurs. Otherwise, the respondents contend, the petitioners cannot show whether the existing injunctions already provide relief to the putative class and representatives. Petitioners contend that the putative class has no assurances that the existing injunctions will protect them once the lower courts have narrowed the nationwide injunctions.

The court agrees with petitioners with regard to certification, but, for reasons stated *infra* Part VI, stays the injunction.

> "[I]n the wake of a major new federal statute or executive action, different district courts may enter a slew of preliminary rulings on the legality of that statute or executive action. Or alternatively, perhaps a district court (or courts) will grant or deny the functional equivalent of a universal injunction—for example, by granting or denying a preliminary injunction to a putative nationwide class under Rule 23(b)(2)…[T]he courts of appeals in turn will undoubtedly be called upon to promptly grant or deny temporary stays or temporary injunctions in many cases…. [I]n cases where classwide or set-aside relief has been awarded, the losing side in the lower courts will likewise regularly come to this Court if the matter is sufficiently important. When a stay or injunction application arrives [to the Supreme Court], this Court should not and cannot hide in the tall grass. When we receive such an application, we must grant or deny. And when we do—that

is, when this Court makes a decision on the interim legal status of a major
new federal statute or executive action—that decision will often constitute a
form of precedent (*de jure* or *de facto*) that provides guidance throughout
the United States during the years-long interim period until a final decision
on the merits."

*CASA*, 2025 WL 1773631 at *21–22 (Kavanaugh, J., concurring).  Respondents'

arguments do not persuade.

**Nationwide class.**  Similarly, the respondents also contend that a nationwide class

is not "appropriate," citing warnings in *CASA* against nationwide classes as an "end-run

around" universal injunctions.[61]  Respondents cite the importance of letting issues

"percolate" within other circuits and district courts and claim that nationwide relief here

would disrupt other litigation across the United States.[62]  They argue that providing a

nationwide injunction would "create conflicts with the decisions of putative class

members to bring their suits elsewhere and the ability of those courts to address them"

and that, at most, this court can certify a class in the District of New Hampshire.[63]

Meanwhile, petitioners argue that the grant of certification does not affect other litigation,

and therefore, courts can "percolate" the merits after the injunction.  They contend that

the respondents' conduct warrants a nationwide class, and limiting the order

geographically would be arbitrary.

Again, petitioners' argument prevails.  At no point in the briefs do the petitioners

request a "nationwide class."  Petitioners request class certification for a harm that most

---

[61] Resp'ts' Mem. Obj. (doc. no. 56-1) at 21.
[62] *Id*. at 22.
[63] *Id*.

likely affects class members residing in other states.  So long as this court adheres to the

requirements of Rule 23, this court does not hesitate to certify a class that may include

members in all fifty states.  *See Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)

("Nothing in Rule 23…limits the geographical scope of a class action that is brought in

conformity with that Rule."); *Trump v. CASA, Inc*., No. 24A884, 2025 WL 1773631, at

*18 (U.S. June 27, 2025) (Alito, J., concurring) ("Putting the kibosh on universal

injunctions does nothing to disrupt Rule 23's requirements…Rule 23 may permit the

certification of nationwide classes in some discrete scenarios. But district courts should

not view today's decision as an invitation to certify nationwide classes without

scrupulous adherence to the rigors of Rule 23."*); see also id.* at *19 (Kavanaugh, J.,

concurring) ("in the wake of the Court's decision, plaintiffs who challenge the legality of

a new federal statute or executive action and request preliminary injunctive relief may

sometimes seek to proceed by class action under [Rule] 23(b)(2) and ask a court to award

preliminary classwide relief that may [be]…nationwide.").

This court has rigorously applied Rule 23, carefully considering all of the

respondents' arguments.  Respondents have made a generalized objection to the

appropriateness of nationwide class actions, which are ubiquitous in federal court.

Further, the respondents have failed to identify any conflicts between putative class

members and current class members.  *See* Newberg and Rubenstein on Class Actions S

10:33 (6th ed.) ("[N]either the filing of a class action nor even the grant of a class

certification motion has any formal effect on litigation elsewhere…the only sure method

of coordination is a final judgment in a class suit: such a judgment, and only such a

judgment, precludes all other lawsuits."); *Yamasaki*, 442 U.S. at 703 ("It often will be preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts in different factual contexts. For this reason, a federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate in the case before it, and that certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts.").

     **Discovery.**  Respondents argue that the court should order more discovery before granting class certification.  The argument fails.  As discussed *supra* note 46, respondents fail to identify any discovery that would have a meaningful impact on any issue surrounding certification.  Petitioners correctly point out that the respondents' arguments regarding domicile are most likely irrelevant for class certification; that the court may permit discovery after it protects the status quo with a preliminary injunction; and that the court may reconsider class certification up until final judgment.  Finally, "discovery may be unnecessary because the 'claims for relief rest on readily available and undisputed facts or raise only issues of law (such as a challenge to the legality of a statute or regulation).'"  Newberg and Rubenstein, *supra,* § 7:15 (citations omitted).

     The court provisionally certifies the narrowed, children-only class for the purpose of granting injunctive relief.

## IV. <u>Preliminary injunction</u>

     The petitioners have requested a preliminary injunction precluding the respondents from enforcing President Trump's Executive Order against the class during the pendency

of this litigation.  Because the petitioners have established entitlement to a preliminary

injunction, the court grants the requested relief to the modified class.  Petitioners and

respondents stipulated to incorporate by reference their prior briefing before this court in

*New Hampshire Indonesian Cmty. Support*.[64]

### a.  Applicable legal standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer irreparable harm in the absence of

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in

the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Again,

the requisite burden and quantum of proof are familiar.  "The plaintiff has the burden at

the preliminary injunction stage to establish entitlement to relief by a fair preponderance

of the evidence." *Devaney v. Kilmartin*, No. CA 13-510L, 2014 WL 877764, at *5

(D.R.I. Mar. 5, 2014) (Lagueux, J.).  *But see Bevis v. City of Naperville*, 85 F.4th 1175,

1188 (7th Cir. 2023) (quotation marks omitted) ("[A]lthough the party seeking the

injunction need not demonstrate likelihood of success by a preponderance of the

evidence, that party must nevertheless make a strong showing that reveals how it

proposes to prove its case. Similarly, a mere possibility of irreparable harm will not

suffice.").

---

[64] *See New Hampshire Indonesian Cmty. Support*, 1:25-cv-00038-JL-TSM, Pls. Mot. for Prelim. Inj. (doc. no. 24); Defs. Obj. (doc. no. 58); Pls. Reply (doc. no. 64).

### b. Likelihood of success on the merits

"The movant's likelihood of success on the merits weighs most heavily in the preliminary injunction calculus." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). The petitioners argue that they have a strong likelihood of success on the merits of their constitutional and statutory challenges to the Executive Order based on Supreme Court precedent interpreting the Fourteenth Amendment in *Wong Kim Ark* and the ordinary meaning of § 1401 at the time of its enactment. The respondents contend that the Executive Order is constitutional because the language "subject to the jurisdiction thereof" in the Fourteenth Amendment interpretively turns on an individual's domicile, rather than place of birth. Therefore, they contend, those affected by the Executive Order are not entitled to birthright citizenship because "citizenship flows from lawful domicile," and children whose parents are not lawful permanent residents fall outside the Citizenship Clause.[65]

Petitioners will likely succeed in claiming that the Executive Order violates the Fourteenth Amendment[66] and § 1401.[67] This court finds, as it did in *New Hampshire Indonesian Cmty. Support*, that the Executive Order likely "contradicts the text of the Fourteenth Amendment and the century-old untouched precedent that interprets it." 765 F. Supp. 3d at 109. Further, the "Executive Order also likely violates § 1401, which

---

[65] Defs. Obj., 1:25-cv-00038-JL-TSM, (doc. no. 58) at 11.
[66] "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." Const. XIV. § 1.
[67] "The following shall be nationals and citizens of the United States at birth…a person born in the United States, and subject to the jurisdiction thereof." 8 U.S.C. § 1401.

codified the pertinent language from the Fourteenth Amendment." *Id.* at 110. The three other district courts assessing the constitutionality of the Executive Order also found that the plaintiffs would likely succeed. *See Doe v. Trump*, 766 F. Supp. 3d at 285 (finding that plaintiffs are "exceedingly likely to prevail on the merits of their constitutional and statutory claims"); *State v. Trump*, 765 F. Supp. 3d at 1152 (finding likelihood of success on the merits because government's arguments do not have "text or precedent to support its interpretation of the Citizenship Clause [and] rehash[] losing arguments from over a century ago"); *CASA, Inc. v. Trump*, 763 F. Supp. 3d at 743 (finding a strong likelihood of success on the merits because "[t]he Executive Order flouts the plain language of the Fourteenth Amendment to the United States Constitution, conflicts with binding Supreme Court precedent, and runs counter to our nation's 250-year history of citizenship by birth.").

The respondents do not identify additional arguments in favor of their interpretation of the Citizenship Clause. This court, along with the other courts to address the merits of this issue, agrees with the petitioners. The Executive Order likely violates the Fourteenth Amendment of the Constitution and 8 U.S.C. § 1401.

### c. **Irreparable harm**

"Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." *Rio Grande Cmty. Health Ctr., Inc. v. Rullan*, 397 F.3d 56, 76 (1st Cir. 2005) (quotation marks omitted). The petitioners argue that the denial of citizenship to newborns would cause

31

irreparable harm stemming from the denial of citizenship and its associated benefits to the newborns in the class. The respondents reiterate their arguments from *New Hampshire Indonesian Cmty. Support* that the petitioners can only speculate about the hypothetical future harms (for instance, Barbara's child is not expected until October, and she does not know that her child will be an immigration enforcement target). Further, they contend that the petitioners have not demonstrated standing to sue particular respondents, such as the Department of State, Department of Agriculture, or Centers for Medicare and Medicaid;[68] and that the court has no jurisdiction to enjoin the President. Finally, respondents state that the Supreme Court in *CASA* mandated a 30-day window during which DHS must develop and issue public guidance about the Executive Order's implementation, so irreparable harm will not occur.

The court agrees with the petitioners. The putative class would suffer irreparable harm without a preliminary injunction enjoining the Executive Order. As the court stated in *New Hampshire Indonesian Cmty. Support*, "the denial of citizenship status to newborns, even temporarily, constitutes irreparable harm. The denial of citizenship to the plaintffs' members' children would render the children either undocumented noncitizens or stateless entirely….The children would risk deportation to countries they have never visited." 765 F. Supp. 3d at 111*; see also Doe v. Trump*, 766 F. Supp. 3d at 285 ("The loss of birthright citizenship—even if temporary, and later restored at the conclusion of litigation—has cascading effects that would cut across a young child's life (and the life of

---

[68] Petitioners submitted additional declarations making allegations specific to these respondents. *See supra* note 50.

that child's family), very likely leaving permanent scars."); *State v. Trump*, 765 F. Supp. 3d at 1153 ("The constitutional infringement and the specter of deportation are sufficiently irreparable for the purposes of a preliminary injunction."); *CASA Inc., v. Trump*, 763 F.Supp.3d at 744 ("The denial of the precious right to citizenship for any period of time will cause [petitioners] irreparable harm.").

Respondents' arguments about irreparable harm remain unconvincing to the court, which has no difficulty concluding that the rapid adoption by executive order, without legislation and the attending national debate, of a new government policy of highly questionable constitutionality that would deny citizenship to many thousands of individuals previously granted citizenship under an indisputably longstanding policy, constitutes irreparable harm, and that all class representatives could suffer irreparable harm absent an injunction. To the extent that the respondents challenge the petitioners' standing as to certain respondents, the court will not address these arguments at this time. A motion to dismiss certain respondents from the case, rather than an objection to a preliminary injunction, better suits these arguments. *See supra* note 50. Finally, because the court stays the injunction pending appeal, *see infra* Part VI, respondents' arguments about non-imminent and hypothetical harms do not persuade.

The court finds that the petitioners have shown that they are likely to suffer irreparable harm in the absence of preliminary relief.

### d. Equities and public interest

Finally, the court considers the equitable and public interests involved, which ""merge when the Government is the opposing party."" *Doe v. Trump*, 766 F. Supp. 3d at

278 (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).  The petitioners cite the

destabilizing effects of the loss of citizenship and the ease of maintaining the status quo.

The respondents do not appear to add any arguments to their briefing in *New Hampshire*

*Indonesian Cmty. Support*.

These merged factors favor preliminary injunctive relief.  As this court stated in

*New Hampshire Indonesian Cmty. Support*:

> "A continuation of the status quo during the pendency of this litigation will
> only shortly prolong the longstanding practice and policy of the United
> States government, while imposition of the Executive Order would impact
> the plaintiffs and similarly situated individuals and families in numerous
> ways, some of which—in the context of balancing equities and the public
> interest—are unnecessarily destabilizing and disruptive."

765 F. Supp. 3d at 111–12.  The other three district courts considering similar cases have

agreed.  *See Doe v. Trump*, 766 F. Supp. 3d at 286 ("It is difficult to imagine a

government or public interest that could outweigh the harms established by the plaintiffs

here."); *State v. Trump*, 765 F.Supp.3d at 1153 ("First, constitutional violations weigh

heavily in favor of an injunction.  Second, the Government has no legitimate interest in

enforcing an Order that is likely unconstitutional and beyond its authority. Third, the rule

of law is secured by a strong public interest that the laws…are not imperiled by executive

fiat") (cleaned up); *CASA, Inc. v. Trump*, 763 F.Supp.3d at 745 ("The balance of the

equities and the public interest strongly weigh in favor of a preliminary injunction that

maintains the status quo during litigation.").

These final factors in the preliminary injunction analysis favor the petitioners.

Because they prevail as to all factors, the court grants the preliminary injunction.

## V.    <u>Bond requirement</u>

The court requires a nominal bond of $1.  "The court may issue a preliminary

injunction or a temporary restraining order only if the movant gives security in an amount

that the court considers proper to pay the costs and damages sustained by any party found

to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).  Petitioners ask

the court to exercise its discretion to require a nominal bond of $1, due to the public

interest addressed in this action.  Respondents argue that the court should require a

substantial bond because of the potential costs of continuing to provide federal benefits to

the children who the Executive Order would exclude from citizenship.  Here, where it is

the government's sudden action, rapidly changing a longstanding policy, and not any

conduct by the petitioners, that has created the litigation conditions that require

petitioners to seek injunctive relief to preserve the long-established citizenship rights of

children born in this country, and where respondents have not demonstrated any potential

loss but instead demand security for an amount that they would save if no relief were

granted, a nominal bond of $1 is appropriate.  *See Crowley v. Local No. 82, Furniture &*

*Piano Moving*, 679 F.2d 978, 1000 (1st Cir. 1982) (collecting cases), *rev'd on other*

*grounds*, 467 U.S. 526 (1984); *see also Int'l Assoc. of Machinists & Aerospace Workers v.*

*E. Airlines*, 925 F.2d 6, 9 (1st Cir. 1991) ("[T]here is ample authority for the proposition

that the provisions of Rule 65(c) are not mandatory and that a district court retains

substantial discretion to dictate the terms of an injunction bond."); *Ambila v. Joyce*, No.

2:25-CV-00267-NT, 2025 WL 1534852, at *7 (D. Me. May 28, 2025) (Woodcock, J.)

(concluding that a nominal bond is appropriate where a substantial bond requirement would significantly affect the petitioner's exercise of due process); *Liu v. Noem*, No. 25-CV-133-SE, 2025 WL 1233892, at *12 (D.N.H. Apr. 29, 2025) (Elliott, J.) (waiving the bond requirement where the defendants did not request a specific amount or explain any costs they will incur by complying with the preliminary injunction); *Schiff v. U.S. Off. of Pers. Mgmt.*, No. CV 25-10595-LTS, 2025 WL 1481997, at *13 (D. Mass. May 23, 2025) (Sorokin, J.) (Security is unnecessary "where the plaintiffs seek to vindicate an important constitutional and federal statutory right, and the injunction will not expose the defendants to financial loss."); *Khalil v. Trump*, No. 25-cv-01963 (MEF)(MAH), 2025 WL 1649197, at *7 (D.N.J. June 11, 2025) (requiring a nominal bond of $1); *A.S.R. v. Trump*, No. 3:25-cv-00113, --- F.Supp.3d ----, 2025 WL 1649197, at *7 (W.D. Pa. May 13, 2025) (requiring a nominal bond of $1).

## VI.    <u>Conclusion and stay</u>

As this court observed in its earlier case regarding birthright citizenship, the "ultimate lawfulness of the Executive Order will surely be determined by the Supreme Court. This is as it should be." *New Hampshire Indonesian Cmty. Support*, 765 F.Supp.3d at 112; *see also CASA,* No. 24A884, 2025 WL 1773631 at *14 n.18 (citations omitted) ("The dissent worries that the Citizenship Clause challenge will never reach this Court, because if the plaintiffs continue to prevail, they will have no reason to petition for certiorari. . . . But at oral argument, the Solicitor General acknowledged that challenges to the Executive Order are pending in multiple circuits, and when asked directly 'When you lose one of those, do you intend to seek cert?', the Solicitor General responded, 'yes

absolutely.'  And while the dissent speculates that the Government would disregard an unfavorable opinion from this Court, the Solicitor General represented that the Government will respect both the judgments and the opinions of this Court.").

The petitioners initiated this litigation with a request that the court issue orders on its preliminary injunction and class certification motions within one week in order to facilitate expeditious appeals for resolution before the Supreme Court's 30-day deadline. *Id.* at *15; *see also* doc. nos. 5, 6. After convening an immediate conference with the cooperative and highly professional counsel from both sides, a 10-day schedule was adopted, which concludes today with this order. In preliminary deference to the Supreme Court's stay, *id.*, and in order to facilitate the expeditious appellate review of this court's orders,[69] this court's preliminary injunction is STAYED for seven days pending the appeal that both parties expressly contemplate.

Nothing in this order should be construed as conflicting with the Supreme Court's ruling in *CASA,* including its specific holding allowing executive agencies to develop and issue public guidance about the Executive's plans to implement the Executive Order. *Id.*

Based on the above analysis, the court GRANTS the petitioners' motion for class certification (doc. no. 5).  The following class is provisionally CERTIFIED:

> All current and future persons who are born on or after February 20, 2025, where (1) that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) that person's mother's presence in the United States was lawful but temporary, and the person's

---

[69] Staying the preliminary injunction order will eliminate the need for the Court of Appeals to separately litigate a motion to stay that order, because expeditious handling of the appeal before *CASA*'s 30-day deadline will likely moot this court's stay one way or the other.

father was not a United States citizen or lawful permanent resident at the time of said person's birth.

Sarah, by her guardian, parent, and next friend Susan; and Matthew, by his guardian, parent, and next friend Mark, are APPOINTED as representatives of the class. Petitioners' counsel from the ACLU Immigrants' Rights Project; the ACLUs of New Hampshire, Maine, and Massachusetts; the Asian Law Caucus; the NAACP Legal Defense and Educational Fund; and the Democracy Defenders Fund are APPOINTED as class counsel.

The court GRANTS the petitioners' motion for a preliminary injunction (doc. no. 6) as to the certified class.

SO ORDERED.

_____
Joseph N. Laplante
United States District Judge

Dated: July 10, 2025

cc: Counsel of Record