IN THE UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

| | |
|---|---|
| BARBARA, et al.<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>DONALD J. TRUMP, et al.<br><br>Defendants-Appellants. | No. 25-1861 |

**UNOPPOSED MOTION TO PLACE APPEAL IN ABEYANCE**

Defendants-appellants respectfully move to place this appeal in abeyance pending the Supreme Court's disposition of the pending petition for writ of certiorari before judgment in this matter, No. 25-365 (U.S. filed Sept. 26, 2025), and its disposition of the petition for writ of certiorari in *Trump v. Washington*, No. 25-364 (U.S. filed Sept. 26, 2025), including any merits proceedings if one or both petitions are granted. Plaintiffs-appellees do not oppose this motion.

1. This case challenges Executive Order 14,160, "Protecting the Meaning and Value of American Citizenship," 90 Fed. Reg. 8,449 (Jan. 20, 2025). The Order announces the Executive Branch's interpretation of the Citizenship Clause of the Fourteenth Amendment and a

corresponding statutory provision, explaining that those provisions do not extend the privilege of U.S. citizenship where neither parent has a sufficient relationship with the United States, specifically when the father was not a citizen or lawful permanent resident and the mother was either: (1) unlawfully present or (2) lawfully but temporarily present (such as visiting under the auspices of the Visa Waiver Program or visiting on a student, work, or tourist visa). *Id.* § 1, 90 Fed. Reg. at 8,449.

2. Plaintiffs are a group of individuals who assert that their children would not be recognized as citizens under the interpretation announced in the Executive Order. They sued on behalf of themselves and putative class of similarly-situated individuals in the District of New Hampshire and sought a preliminary injunction. The district court granted provisional class certification, identifying a class of "[a]ll current and future persons who are born on or after February 20, 2025, where (1) that person's mother was unlawfully present in the United States and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth, or (2) that person's mother's presence in the United States was lawful but

temporary, and the person's father was not a United States citizen or lawful permanent resident at the time of said person's birth." Dkt. No. 63 at 1. The district court further granted a preliminary injunction to all members of the putative class barring defendants "from enforcing the Executive Order." Dkt. No. 64 at 1. In its opinion, the district court incorporated its analysis from a prior case already on appeal in this Court in which it had held that the Executive Order was unlawful. *See* Dkt. No. 65 at 30-31; *New Hampshire Indonesian Cmty. Support v. Trump*, 765 F. Supp. 3d 102 (D.N.H. 2025), *appeal docketed*, No. 25-1348 (1st Cir.).

3. The government filed a notice of appeal on September 5. Under the briefing schedule set by the Court, the government's opening brief is currently due November 5, 2025.

4. On September 26, 2025, the Solicitor General filed a petition for a writ of certiorari before judgment in this case, along with a petition for certiorari in another case addressing the validity of the Executive Order at issue here. *Trump v. Barbara*, No. 25-365 (U.S. filed Sept. 26, 2025); *Trump v. Washington*, No. 25-364 (U.S. filed Sept. 26, 2025). The government thus moves to place this appeal in abeyance

3

Case: 25-1861   Document: 00118347240   Page: 4   Date Filed: 09/30/2025   Entry ID: 6754617

pending the Supreme Court's disposition of those petitions, including any merits proceedings in either or both cases. An abeyance would preserve the resources of both of the parties and the Court while the Supreme Court considers whether to take up the lawfulness of the Executive Order, whether in this case, a case arising from another circuit, or both.

An abeyance is particularly warranted here given the pendency of other appeals addressing the merits of the Executive Order in this Court. On August 1, a panel of this Court heard oral argument in three appeals challenging the Executive Order, and is thus positioned to address the lawfulness of the Order in connection with those cases. *See Doe v. Trump*, No. 25-1169; *New Jersey v. Trump*, No. 25-1170; and *New Hampshire Indonesian Cmty. Support v. Trump*, No. 25-1348. On the merits, the district court's opinion here expressly incorporates by reference its reasoning from one of the district-court cases heard on appeal by this Court on August 1. Dkt. No. 65 at 30-31. Redundant briefing on the merits in this appeal would waste the resources of both the parties and the Court, particularly given the potential for imminent Supreme Court review of the central merits questions in this case.

4

5.  We have consulted with counsel for plaintiffs, and they have stated that they do not oppose this motion.

Respectfully submitted,

/s/ *Brad Hinshelwood*
BRAD HINSHELWOOD
(202) 514-7823
Attorney, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Room 7256
Washington, D.C.  20530

September 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 754 words.  The motion also complies with the typeface and type-style requirements of Rule 32(a)(5) and Rule 32(a)(6) because it was prepared using Microsoft Word 2013 in Century Schoolbook, 14-point font, a proportionally-spaced typeface.

/s/ *Brad Hinshelwood*
Brad Hinshelwood